LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – State Bar No. 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363 0220  Telephone
(714) 363 0229  Facsimile
tocollect@aol.com  E-Mail

Attorneys for the Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| HERMINIA LORENZO CRUZ<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity,<br><br>Defendants. | Case No: C08 00991 JF(rx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT<br><br>(F.R. C.P. RULE 12)<br><br>DATE: May 2, 2008<br>TIME: 9:00 a.m.<br>COURTROOM: 3<br>(reserved) |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION TO DISMISS THE COMPLAINT                    C08 00991 JF(rx)

The Defendants submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint.

### STATEMENT OF FACTS

This action was brought under the Fair Debt Collection Act, <u>15 USC, 1692 et seq</u>. the "Act"

It is hard to ascertain what constituted the alleged violations since the pleading is general and conclusionary in nature. In addition, almost all of the alleged violations were barred by the Statute of Limitations.

The "underlying" claim by the Defendants to the Plaintiff was a series of Collection letters due to the Plaintiff's checks being returned for non-sufficient funds.

Important dates for this Court to note are February 19, 2008, which is when this lawsuit was filed and February 20, 2008, on which date any preceding violations are barred by the one year statute of limitations as set forth in this brief.

The Defendants Parties in this action are identified as follows:

INTERNATIONAL COLLECTION CORPORATION "ICC", which is the collection agency which filed the State Court law suit against the Plaintiff to recover the funds borrowed.

CHARLES D. HENDRICKSON "Hendrickson" an officer of ICC.

which this Federal Court Action is based.

There is also a lack of any alleged cause of action against Hendrickson personally who is merely an officer of ICC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### WHEN A MOTION TO DISMISS A COMPLAINT CAN BE FILED

According to Federal Rules of Civil Procedure, Rule 12 b

**Rule 12.**

(b) .... Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

....

(6) failure to state a claim upon which relief can be granted;

A dismissal for failure to state claim on which relief can be granted is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of claim that would entitle him to relief, if complaint fails to allege an element necessary for relief, or if affirmative defense or other bar to relief is apparent from face of complaint. See Theuerkauf v. United Vaccines Div. of Harlan Sprague Dawley, Inc., W.D.Mich.1993, 821 F.Supp. 1238.

## II
## THE STATUTE OF LIMITATIONS BARS
## CERTAIN CLAIMS IN THE COMPLAINT

The Motion to Dismiss should be granted as to both defendants on whom the statute of limitations has passed. According to 15 USC Section 1692k(d), an action to enforce any liability created by this subchapter may be brought…within one year from the date on which the violation occurs. Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 29, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62,

63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, and 76 all contain allegations that are barred by the Statute of Limitation as they allege acts that are over one (1) year old.

As all of the causes of action include facts barred by the statute of limitations, the aforementioned Paragraphs should be stricken and the Motion to Dismiss each cause of action should be granted.

## III

## IT IS UNCLEAR FROM THE REMAINING ALLEGATIONS THAT ARE NOT BARRED BY THE STATUE OF LIMITATIONS OF THE SPECIFIC ACTS THAT CONSTITUTE THE VIOLATIONS

A motion to dismiss is the proper method for testing the legal sufficiency of a complaint. Sioux City Community School Dist. v. International Tel. & Tel. Corp., N.D.Iowa 1978, 461 F.Supp. 662 See, also, Mason City Center Associates v. City of Mason City, Iowa, D.C.Iowa 1979, 468 F.Supp. 737. Motion to dismiss for failure of pleadings to state claim upon which relief can be granted is usual method for testing legal sufficiency of complaint. CBS Inc. v. Springboard Intern.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION TO DISMISS THE COMPLAINT                    C08 00991 JF(rx)

Records, S.D.N.Y.1976, 429 F.Supp. 563, 199 U.S.P.Q. 422.

In paragraph 102( b), Plaintiff claims that Defendants misrepresented the character, amount or legal status of the debt, in violation of 15 USC Section 1692e(2)(A). There are no facts in the complaint that allege specific facts supporting this allegation.

In Paragraph 102(d), Plaintiff alleges that Defendants attempted or threatened to collect treble damages from Plaintiff pursuant to California Civil Code Section 1719, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 USC Section 1692 e(5).

The action before this Court was based upon Plaintiff's NSF check. California Civil Code Section 1719 does allow treble damages. As such, it is unclear what specific facts of how Defendants violated 15 USC Section 1692 e(5).

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION TO DISMISS THE COMPLAINT                        C08 00991 JF(rx)

Case 5:08-cv-00991-JF   Document 7   Filed 03/31/2008   Page 7 of 8

## IV

## ALL CLAIMS AGAINST HENDRICKSON SHOULD BE DISMISSED

Hendrickson is merely an officer of ICC. There are no facts set both in the Complaint that would hold him personally liable for any wrongful acts. See F.R.C.P. Rule 12 b 5.

## CONCLUSION

As such, the Complaint should be dismissed..

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:   March 28, 2008



LARRY ROTHMAN,
Attorney for Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON,

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION TO DISMISS THE COMPLAINT                    C08 00991 JF(rx)

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On March 28, 2008, I served the foregoing document described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS THE COMPLAINT on the parties listed below in this action by placing a true copy thereof or the originals in a sealed envelope sent first class mail and addressed as follows:

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on March 28, 2008, at Orange, California, California.

_____
WADE KRAUS