1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    HERMINIA LORENZO CRUZ

6

7

8              **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                        **SAN JOSE DIVISION**

10  HERMINIA LORENZO CRUZ,                     Case No.  C08-00991-JF-RS

11                          Plaintiff,

12  v.                                         **PLAINTIFF'S MEMORANDUM OF**
                                               **POINTS AND AUTHORITIES IN**
13  INTERNATIONAL COLLECTION                   **OPPOSITION TO DEFENDANTS'**
    CORPORATION, a California corporation,     **MOTION TO DISMISS THE**
14  and CHARLES D. HENDRICKSON,                **COMPLAINT**
    individually and in his official capacity,
15                                             Date:      May 2, 2008
                                               Time:      9:00 a.m.
16                          Defendants.        Judge:     Honorable Jeremy Fogel
                                               Courtroom: 3, 5th Floor
17                                             Place:     280 South First Street
                                                          San Jose, California
18

19        COMES NOW the Plaintiff, HERMINIA LORENZO CRUZ, by and through counsel, Fred

20  W. Schwinn of the Consumer Law Center, Inc., and submits her Memorandum of Points and

21  Authorities in Opposition to the Defendants' Motion to Dismiss the Complaint.

22                           **NATURE OF THE CASE**

23        This case was brought by HERMINIA LORENZO CRUZ against a debt collection agency,

24  INTERNATIONAL COLLECTION CORPORATION, and the individual who operates and

25  manages the collection agency, CHARLES D. HENDRICKSON.  The Plaintiff alleges various

26  violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter

27  "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

28  Plaintiff  seeks actual damages, statutory damages, attorney fees and costs under the FDCPA.

-1-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS         Case No.  C08-00991-JF-RS

1    Plaintiff also alleges several tort causes of action, specifically invasion of privacy by intrusion upon

2    seclusion, negligent collection, and tort-in-se.  Plaintiff seeks actual and punitive damages for these

3    tort causes of action.

4                              **QUESTIONS PRESENTED**

5    1.      Are allegations in the Complaint barred by the statute of limitations?

6    2.      Does the Complaint state a claim against the Defendant collection agency?

7    3.      Does the Complaint state a claim against the individual Defendant who operates and

8            manages the collection agency?

9                           **ARGUMENTS AND AUTHORITIES**

10        **A.      Standard for Motion to Dismiss**

11        Defendants have filed a motion to dismiss this action for failure to state a claim upon which

12   relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In deciding

13   a motion to dismiss, a district court must accept the facts alleged in the Complaint as true.[1]  When

14   reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the factual allegations

15   of the complaint are to be taken as true and construed in the light most favorable to the nonmoving

16   party.[2]  Generally, the Complaint should not be dismissed unless it appears that Plaintiff can prove

17   no set of facts that would entitle him to relief.[3]

18        **B.      The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations
                    of the FDCPA.**
19

20        The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

21   by debt collectors."[4]  The statute is designed to protect consumers from unscrupulous collectors,

22

23   ───────────────────

24        [1] *Scheuer v. Rhoades*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

25        [2] *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

26
          [3] *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Also, see*:  Wright
27   & Miller, Federal Practice and Procedure, Civil 2d § 1357.

28        [4] 15 U.S.C. § 1692(e).
                                        -2-
     PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS        Case No.  C08-00991-JF-RS

1   whether or not there is a valid debt.[5]  The FDCPA broadly prohibits unfair or unconscionable

2   collection methods; conduct which harasses, oppresses or abuses any debtor; and any false,

3   deceptive or misleading statements, in connection with the collection of a debt.[6]  The FDCPA also

4   requires the debt collector to provide the consumer with a notice of his or her validation rights.[7]

5         The United States Court of Appeals for the Ninth Circuit has held that whether a

6   communication or other conduct violates the FDCPA is to be determined by analyzing it from the

7   perspective of the "least sophisticated consumer."[8]  The "least sophisticated consumer" standard is

8   objective—not subjective.[9]  Courts determine whether the "least sophisticated consumer" would be

9   misled or deceived by the statements made in a collection letter as a matter of law.[10]

10        "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

11  protects all consumers, the gullible as well as the shrewd."[11]  "While protecting naive consumers,

12  the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

13  by preserving a quotient of reasonableness and presuming a basic level of understanding and

14  willingness to read with care."[12]

15        "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

16  _____

17        [5] *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

18        [6] 15 U.S.C. §§ 1692d, 1692e, and 1692f.

19        [7] 15 U.S.C. § 1692g.

20        [8] *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Wade v.*
21  *Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

22        [9] *Swanson*, 869 F.2d at 1227.

23        [10] *Wade*, 87 F.3d at 1100; *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977); *Swanson*,
24  896 F.2d at 1225-26.

25        [11] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

26        [12] *U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted); *see also*
    *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6
27  F.3d 60 (2nd Cir. 1993); *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v.*
    *Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991); *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996)
28  ("the standard is low, close to the bottom of the sophistication meter").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS        Case No.  C08-00991-JF-RS

1  summary judgment for the plaintiff."[13]  "Because the Act imposes strict liability, a consumer need

2  not show intentional conduct by the debt collector to be entitled to damages."[14]  Furthermore, the

3  question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

4  to the FDCPA.[15]

5      It is important to note that by protecting consumers from abusive, deceptive and unfair

6  collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

7  debt collection practices are not competitively disadvantaged.[16]  Moreover, the FDCPA further

8  insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable

9  and in a civil manner.[17]

10     Accordingly, Plaintiff asserts that whether or not Defendants violated the FDCPA must be

11  evaluated from the standpoint of the "least sophisticated consumer."

12  **C.   Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous**
        **Violations of the FDCPA, as Seen from the Perspective of the "Least**
13      **Sophisticated Consumer."**

14

15     To establish a violation of the FDCPA, one need only show that: (1) the plaintiff has been

16  the object of collection activity arising from a consumer debt, (2) the defendant collecting the "debt"

17  is a "debt collector" as defined in the Act, and (3) the defendant has engaged in any act or omission

18  in violation of the prohibitions or requirements of the Act.[18]  Plaintiff has pled each of these

19

20     [13] *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *see also Stojanovski v. Strobl*
    *& Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections*, 682 F.
21  Supp. 174, 178-9 (W.D.N.Y. 1988).

22     [14] *Russell*, 74 F.3d at 33; *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d
    1232, 1236 (5th Cir. 1997); *Bentley*, 6 F.3d at 62; *Clomon*, 988 F.2d at 1318.
23

       [15] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker*, 677 F.2d at 777.
24

       [16] 15 U.S.C. § 1692(e).
25

       [17] *Baker*, 677 F.2d at 777.
26

27     [18] *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D.N.M. 1990); *Riveria*
    *v. MAB Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); *Withers v. Eveland*, 988 F.
28  Supp. 942, 945 (E.D. Va. 1997); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204,

-4-

1   elements: (1) Plaintiff is a consumer,[19] (2) Defendants are debt collectors,[20] and (3) Defendants

2   violated various sections of the FDCPA.[21]

3          Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat

4   a motion to dismiss and support summary judgment for a Plaintiff.[22]  In light of this strict liability

5   standard, a consumer need not show intentional conduct by the debt collector in order to be entitled

6   to damages,[23] and there are no unimportant violations.[24]  Further, no proof of deception or actual

7   damages is required to obtain statutory remedies.[25]

8         **D.      Plaintiff's Claims Are Not Barred by the Statute of Limitations.**

9
10          **1.      Plaintiff's Claims Under the FDCPA Are Not Barred by the Statute of Limitations**

11        Defendants have asserted that paragraphs 12-76 of the Complaint include facts which are

---

15  1206 (N.D. Ga. 1981).

16      [19]  Complaint (Doc. 1) ¶¶ 7 and 98.

17      [20]  Complaint (Doc. 1) ¶¶ 8, 9, 99 and 100.

18      [21]  Complaint (Doc. 1) ¶ 102.

19

20      [22] *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D. Wis. 2002) ("One false or misleading statement in a collection letter renders the entire

21  communication false or misleading and constitutes one violation"); *See also Cacace v. Luca*s, 775 F. Supp. 502, 505 (D. Conn. 1990); *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D.

22  Conn. Sept. 15, 1989); *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir. 1993).

23
24      [23] *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997). *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show

25  intentional conduct by the debt collector to be entitled to damages.").

26      [24] *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (failure "to comply with any provision of

27  the FDCPA" leads to liability).

28      [25] *Baker*, 677 F.2d at 780.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS          Case No.  C08-00991-JF-RS

1    barred by the FDCPA's one year statute of limitations, and therefore should be stricken.[26]

2    Defendants further assert that each cause of action should be dismissed because these facts are

3    outside the FDCPA's statute of limitations.[27]

4          While it is true that the FDCPA has a one year statute of limitation,[28] this is not a bar to

5    Plaintiff's claims.  Plaintiff has alleged that wrongful collection activities occurred within the year

6    prior to filing this case.[29]  Therefore, these facts, and the causes of action which rely on these facts,

7    are not barred by the FDCPA statute of limitations.  Moreover, to the extent the Complaint contains

8    allegations regarding conduct outside of the FDCPA's one year statute of limitation, these

9    allegations are admissible under the continuing violation theory of recovery recognized in the

10   Northern District of California.[30]  Therefore, any allegations which Plaintiff may have pled regarding

11   facts outside the one year statute of limitations are not barred, as they relate to Defendants'

12   continuing course of unlawful collection activities which violated the FDCPA.

13         Additionally, Plaintiff has pled facts which relate to causes of action with longer statutes of

14   limitation than the FDCPA, as discussed in further detail below.  Therefore, these facts should not

15   and cannot be stricken from the Complaint.

16         For these reasons, Defendants' motion to dismiss should be denied as to this issue.

17                    **2.       Plaintiff's Claim of Invasion of Privacy by Intrusion Upon Seclusion is
                               Not Barred by the Statute of Limitations**

18

19         Plaintiff's second cause of action is invasion of privacy by intrusion upon seclusion—a tort

20   cause of action sounding in personal injury.  Plaintiff has pled this cause of action seeking a

21   recovery for her actual damages, including emotional distress, loss of sleep, loss of enjoyment of

22

23         [26] Defendants' Memorandum of Points in Authorities in Support of the Motion to Dismiss
24   the Complaint (Doc. 10) (hereinafter "Defendant's Motion to Dismiss") 4:24 - 5:7.

25         [27] Defendants' Motion to Dismiss (Doc. 10) at 5:5-8.

26         [28] 15 U.S.C. § 1692k(d).

27         [29] Complaint (Doc. 1) ¶¶ 77 - 86.

28         [30] Joseph v. J.J. Mac Intyre Cos., L.L.C., 281 F. Supp. 2d 1156 (N.D. Cal. 2003).

-6-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS          Case No.  C08-00991-JF-RS

1 | life, humiliation, stress, lack of concentration, anxiety and embarrassment.

2 | "An action for . . . injury to . . . an individual caused by the wrongful act or neglect of

3 | another" is subject to a two year statute of limitations under California law.[31]  Therefore, factual

4 | allegations outside of the FDCPA's one year statute of limitation are not barred, as they are within

5 | the two years provided for Plaintiff's invasion of privacy cause of action.  For this reason,

6 | Defendant's motion to dismiss should be denied as to this issue.

7 |         **3.**        **Plaintiff's Claim of Negligent Collection is Not Barred by the Statute of Limitations**

8 |

9 | Plaintiff's third cause of action is negligent collection, which is also "[a]n action for . . .

10 | injury to . . . an individual caused by the wrongful act or neglect of another," and subject to a two

11 | year statute of limitations.[32]  Therefore, factual allegations outside of the FDCPA's one year statute

12 | of limitations are not barred, as they are within the two years provided for Plaintiff's negligence

13 | cause of action.  For this reason, Defendant's motion to dismiss should be denied as to this issue.

14 |         **4.**        **Plaintiff's Claim of Tort-In-Se is Not Barred by the Statute of Limitations**

15 |

16 | Plaintiff's fourth cause of action is tort-in-se, which is also "[a]n action for . . . injury to . .

17 | . an individual caused by the wrongful act or neglect of another," and subject to a two year statute

18 | of limitations.[33]  Therefore, factual allegations outside of the FDCPA's one year statute of

19 | limitations are not barred, as they are within the two years provided for Plaintiff's negligence cause

20 | of action.  For this reason, Defendant's motion to dismiss should be denied as to this issue.

21 |         **E.**        **The Complaint Alleges Facts Sufficient to Support Plaintiff's Claims Under the Fair Debt Collection Practices Act.**

22 |

23 | Defendants argue that "[t]here are not facts in the complaint that allege specific facts

24 | supporting" Plaintiff's allegations that Defendants violated FDCPA 15 U.S.C. §§ 1692e(2)(A) and

25 |

26 | [31] Cal. Civ. P. Code § 335.1.

27 | [32] Cal. Civ. P. Code § 335.1.

28 | [33] Cal. Civ. P. Code § 335.1.

-7-

1    1692e(5).[34]  However, there are sufficient facts alleged in the Complaint to sustain both of these

2    alleged violations of federal law.

3    <u>15 U.S.C. § 1692e(2)(A)</u>

4        Plaintiff has alleged that, "Defendants misrepresented the character, amount or legal status

5    of the debt, in violation of 15 U.S.C. § 1692e(2)(A)."[35]  The facts to support violation are alleged

6    in paragraphs 77 - 83 of the <u>Complaint</u>.  This Court has found that similar facts violate this section

7    of the Fair Debt Collection Practices Act.[36]  Therefore, Defendants' motion to dismiss should be

8    denied as to this issue.

9    <u>15 U.S.C. § 1692e(5)</u>

10       Plaintiff has alleged that, "Defendants attempted or threatened to collect treble damages from

11   Plaintiff pursuant to Cal. Civil Code § 1719, an action that cannot legally be taken or that was not

12   intended to be taken, in violation of 15 U.S.C. § 1692e(5)."[37]  The facts to support this violation are

13   alleged in paragraphs 77 - 83 of the <u>Complaint</u>. This Court has found that similar facts violate this

14   section of the Fair Debt Collection Practices Act.[38]  Therefore, Defendants' motion to dismiss should

15   be denied as to this issue.

16       **F.    The Complaint Sufficiently States a Cause of Action Against Defendant
             CHARLES D. HENDRICKSON.**

17

18       Defendants argue that, "Hendrickson is merely an officer of ICC.  There are not facts set both

19

20       [34]  Defendants' <u>Motion to Dismiss</u> (Doc. 10) at 6:4-22.

21       [35]  <u>Complaint</u> (Doc. 1) ¶ 102(b).

22       [36]  *See, Hunt v. Check Recovery Systems.*, 478 F. Supp. 2d 1157 (N.D. Cal. 2007) (J. Jenkins)

23   and *Palmer v. Stassinos*, 348 F. Supp. 2d 1070 (N.D. Cal. 2004), clarified on reconsideration by
     *Palmer v. Stassinos*, 419 F. Supp. 2d 1151 (N.D. Cal. 2005); *see also*, *Irwin v. Mascott*, 370 F.3d

24   924, 927 (9th Cir. 2004).

25       [37]  <u>Complaint</u> (Doc. 1) ¶ 102(d).

26       [38]  *See, Hunt v. Check Recovery Systems.*, 478 F. Supp. 2d 1157 (N.D. Cal. 2007) (J. Jenkins)

27   and *Palmer v. Stassinos*, 348 F. Supp. 2d 1070 (N.D. Cal. 2004), clarified on reconsideration by
     *Palmer v. Stassinos*, 419 F. Supp. 2d 1151 (N.D. Cal. 2005); *see also*, *Irwin v. Mascott*, 370 F.3d

28   924, 927 (9th Cir. 2004).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS          Case No.  C08-00991-JF-RS

1  [sic] in the Complaint that would hold him personally liable for any wrongful acts."[39] However, the

2  allegations in the Complaint, which must be taken as true for purposes of this motion, are that this

3  Defendant "is a 'debt collector' within the meaning of 15 U.S.C. § 1692a(6).[40] The Complaint

4  further alleges, on information and belief, that this Defendant, "is liable for the acts of [International

5  Collection Corporation] because he sets and approves [International Collection Corporation]

6  collection policies practices, procedures, and he directed the unlawful activities described herein."[41]

7  Finally, the Complaint alleges that, "[a]t all times herein mentioned, each of the Defendants was an

8  officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of

9  them, and at all said times, each Defendant was acting in the full course and scope of said office,

10  directorship, agency, service, employment and/or joint venture."[42]

11      The Complaint alleges that HENDRICKSON set and approved the collection policies,

12  practices and procedures used by INTERNATIONAL COLLECTION CORPORATION and that

13  he directed the unlawful activities described in the Complaint.  The Complaint alleges facts

14  sufficient to establish liability under the FDCPA as to Defendant, CHARLES D. HENDRICKSON.

15  Therefore, Plaintiff's Complaint states a cause of action against this Defendant, and the motion to

16  dismiss should be denied as to this issue.

17  **CONCLUSION**

18      The Complaint filed in this case properly alleges facts sufficient to state causes of action

19  against all Defendants under the Fair Debt Collection Practices Act, Negligence, Invasion of Privacy

20  and Tort-in-Se.  All facts alleged are within the relevant statute of limitations for each of these

21  causes of action.  Finally, the Complaint sufficiently alleges facts to state a claim against the

22  individual Defendant, HENDRICKSON.  Therefore, Plaintiff respectfully requests that this Court

23  deny Defendants' Motion to Dismiss in its entirety and find that Plaintiff's Complaint states claims

24

25  [39] Defendant's Motion to Dismiss (Doc. 10) at 7:5-7.

26  [40] Complaint (Doc. 1) ¶¶ 9 and 100.

27  [41] Complaint (Doc. 1) ¶ 9.

28  [42] Complaint (Doc. 1) ¶ 10.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS    Case No. C08-00991-JF-RS

1  upon which relief can be granted by this Honorable Court.

2

3                                              CONSUMER LAW CENTER, INC.

4

5  Dated: April 10, 2008                       By: /s/ Fred W. Schwinn
                                               Fred W. Schwinn, Esq.
6                                              Attorney for Plaintiff
                                               HERMINIA LORENZO CRUZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-