1

**E-Filed 6/2/2008**

2

3

4

5

6

7

NOT FOR CITATION

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

**SAN JOSE DIVISION**

11

12

| | |
|---|---|
| HERMINDIA LORENZO CRUZ,<br><br>                      Plaintiff,<br><br>        v.<br><br>INTERNATIONAL COLLECTION<br>CORPORATION, a California corporation,<br>CHARLES D. HENDRICKSON, individually and<br>in his official capacity<br><br>                      Defendants. | Case Number C 08-991<br><br>ORDER[1] DENYING DEFENDANTS'<br>MOTION TO DISMISS |

13

14

15

16

17

18

19

20

21

**I.  BACKGROUND**

22

        On February 19, 2008, Plaintiff, Hermindia Lorenzo Cruz ("Cruz") commenced this

23

action against International Collection Corporation ("ICC") and Charles D. Hendrickson

24

("Hendrickson") (collectively, "Defendants").  In her complaint, Cruz asserts five claims: (1)

25

violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) invasion of privacy; (3)

26

negligent collection; (4) tort-in-se; and (5) "punitive damages."

27

────────────────

28

        [1] This disposition is not designated for publication and may not be cited.

1    The complaint contains the following allegations.  On or about April 15 and 16, 2006,

2  Cruz incurred two financial obligations to Harrah's Casino in Reno, Nevada.  The debt was

3  incurred primarily for personal, family or household purposes.  On October 19, 2006, Defendants

4  mailed a collection letter to Cruz.  The letter stated that Cruz owed $500.00 in principal and

5  $25.47 in interest. The letter also stated that "as required by law, you are hereby notified that a

6  negative credit report reflecting on your credit rating may be submitted to a credit reporting

7  agency, if you fail to fulfill the terms of your credit obligations."  On October 27, 2006, Cruz

8  wrote to Defendants disputing the debt and avowing her refusal to pay.  Defendants responded by

9  letter dated October 31, 2006.  This letter stated that Plaintiff owed $500.00 in principal, $50.00

10  in returned check fees and $27.11 interest.  It also contained the following language:

11        Our attorneys have advised us that under California law 1719 Civil Code, states
        [sic] that unless cash or certified funds in the amount of your NSF check(s) plus
12        the cost of $25.00 for each returned item is received by us in 30 days from the
        date of this letter, we are entitled to recover for our client, the amount of the
13        check(s), plus treble damages up to $1500.00 for each bad check.
        If suit is filed, you will also be responsible for interest, court costs and service for
14        the process fees.  The court may also award us attorney fees.

15  Complaint, Exh. 4.

16        Several additional letters subsequently  were mailed to Cruz.   A letter mailed on

17  November 6, 2006 stated "WE REPORT TO EXPERIAN EQUIFAX AND TRANS UNION."

18  Id., Exh. 5.  On and after December 11, 2006, the letters stated that Cruz owed treble damages.

19  A letter dated December 28, 2006 stated, "WE WOULD LIKE TO REMIND YOU THAT THIS

20  DEROGATORY INFORMATION COULD STAY ON YOUR CREDIT REPORT FOR

21  SEVERAL YEARS."  Id., Ehx. 8.  On December 28, 2006, Cruz wrote to Defendants after

22  disputing the debt and stating that she refused to pay.  Thereafter, Defendants continued to send

23  Cruz collection letters seeking both interest and treble damages.  Defendants' final letter, dated

24  February 21, 2007, stated that unless payment was received or "satisfactory arrangements" were

25  made within ten days, a lawsuit might be initiated.  The letter also stated that ICC had been

26  advised by its attorney that if a lawsuit were initiated Cruz could be held liable for not only the

27  principal sum but also interest, attorney's fees and costs.  On February 28, 2007, Cruz wrote to

28  Defendants explaining that she had obtained legal representation and requesting termination of

2

1    all direct and indirect communication.  Defendants thereafter ceased all communication.  Cruz

2    alleges that each of the letters mailed to her was created or approved by Hendrickson.

3          Defendants move to dismiss the complaint.  Cruz opposes the motion.  The Court heard

4    oral argument on May 2, 2008.  For the reasons set forth below the motion will be denied.

5                              **II.  LEGAL STANDARD**

6          For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

7    Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

8    *McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the

9    complaint's deficiencies cannot be cured by amendment.  *Lucas v. Department of Corrections*,

10   66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be

11   ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

12                                **III.  DISCUSSION**

13         1.     Statute of Limitations

14         Defendants seek to dismiss each of the five claims asserted against them on the ground

15   that: "all of the causes of action include facts barred by the statute of limitations," asserting that

16   "the . . . Paragraphs [containing time barred allegations] should be stricken and the Motion to

17   Dismiss each cause of action should be granted."  Motion to Dismiss at 5.  Under 15 U.S.C.

18   §1692k(d), an action to enforce any liability pursuant to the FDCPA must be brought within one

19   year from the date on which the violation occurred.  However, conduct occurring outside the

20   statue of limitations period is actionable under a continuing violation theory.  *Joseph v. J.J. Mac*

21   *Intyre Cos.*, 281 F. Supp. 2d 1156 (N.D. Cal. 2003).  "The key is whether the conduct

22   complained of constitutes a continuing pattern and course of conduct as opposed to unrelated

23   discrete acts.  If there is a pattern, then the suit is timely . . . and the entire course of conduct is at

24   issue."  *Id*. at 1161.  Defendants do not dispute that Cruz has alleged a continuing pattern of

25   communications by letter in connection with her FDCPA claim.  Accordingly, Cruz is entitled to

26

27

28

3

1    base her claims on the entire course of conduct she has alleged.[2]

2            2.      Claims against Hendrickson

3            Defendants assert that "Hendrickson is merely an officer of ICC.  There are not facts set

4    both [sic] in the Complaint that would hold him personally liable for any wrongful acts."  Motion

5    to Dismiss at 7.  However, the complaint alleges that Hendrickson is a "debt collector" within the

6    meaning of 15 U.S.C. § 1692a(6), and that Hendrickson is liable for the acts of ICC because he

7    sets and approves ICC's collection policies, practices and procedures, including the activities

8    alleged in the complaint.  Cruz specifically alleges that each of the letters mailed to her was

9    created or approved by Hendrickson.  These allegations are sufficient to state a claim against

10   Hendrickson for the alleged FDCPA violations.

11

12                              **IV.  ORDER**

13           Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is

14   DENIED.

15

16   DATED: June 2, 2008.

17

18                                      _____
                                        JEREMY FOGEL
19                                      United States District Judge

20

21

22

23

24

25

26

27
     _____
28        [2] The Court also notes that a two year statue of limitations applies to Cruz's additional
     claims.  Cal. Civ. P. Code § 335.1.

                                        4

1   This Order has been served upon the following persons:

2

3   Fred W. Schwinn          fred.schwinn@sjconsumerlaw.com

4   Larry Rothman           tocollect@aol.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-991
ORDER DENYING MOTION TO DISMISS
(JFLC1)