1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    HERMINIA LORENZO CRUZ
6

7

8                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                            SAN JOSE DIVISION

10  HERMINIA LORENZO CRUZ,                    Case No.  C08-00991-JF-RS

11                          Plaintiff,        JOINT CASE MANAGEMENT
                                              STATEMENT AND FEDERAL RULE
12  v.                                        OF CIVIL PROCEDURE 26(f)
                                              DISCOVERY PLAN
13  INTERNATIONAL COLLECTION
14  CORPORATION, a California corporation,    Date:       June 20, 2008
    and CHARLES D. HENDRICKSON,               Time:       10:30 a.m.
15  individually and in his official capacity, Judge:      Honorable Jeremy Fogel
                                              Courtroom:  3, 5th Floor
16                          Defendants.        Place:      280 South First Street
                                                          San Jose, California

17

18          The parties in the above-entitled action hereby submit this Joint Case Management Statement

19  and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management

20  conference to be conducted in this matter on June 20, 2008, at 10:30 a.m.  The parties jointly request

21  that the Court enter a Case Management Order in this case, based on the parties discovery plan

22  outlined in this document, without a Case Management Conference.

23          1.      **Jurisdiction and Service**

24          The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No

25  parties remain to be served.

26          2.      **Statement of Facts**

27                  a.      **Plaintiff's Statement**

28          This case is brought by an individual consumer to address Defendants' violations of the Fair

-1-

1   Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The violations stem

2   from Defendants' communications attempting to collect a consumer debt from Plaintiff.

3   Correspondence between the parties has been attached to the Complaint as exhibits.

4           Generally, Plaintiff is a consumer who owes a financial obligation which was assigned or

5   otherwise transferred to Defendants for collection from Plaintiff.  Thereafter, Defendants began a

6   debt collection campaign using collection letters.  After receiving Defendants' initial collection

7   letter, Plaintiff sent a letter to Defendants disputing the debt and refusing to pay the debt.

8   Defendants, after receiving Plaintiff's letter disputing the debt, continued to communicate with

9   Plaintiff in an attempt to collect the debt through the use of collection letters sent to Plaintiff.

10  Plaintiff sent a second letter disputing the debt to Defendants, yet Defendants continued to send

11  collection letters to Plaintiff.  The subsequent collection letters threatened Plaintiff with "treble

12  damages," and being reported to the consumer credit reporting agencies.  Defendant's letters finally

13  stopped when Plaintiff's counsel sent a letter to Defendants notifying Defendants that Plaintiff was

14  represented by counsel.

15                  **b.      Defendants' Statement**

16          Defendants deny that they violated any statute.

17          **3.      Legal Issues**

18          The principal legal issues which the parties dispute:

19                  1.      Whether Defendants continued to communicate with Plaintiff in an attempt

20                          to collect the debt after receiving a written notification that Plaintiff refused

21                          to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c);

22                  2.      Whether Defendants misrepresented the character, amount or legal status of

23                          the debt, in violation of 15 U.S.C. § 1692e(2)(A);

24                  3.      Whether Defendants misrepresented the compensation which may be

25                          lawfully received by Defendants for the collection of the debt, in violation

26                          of 15 U.S.C. § 1692e(2)(B);

27                  4.      Whether Defendants attempted or threatened to collect treble damages from

28                          Plaintiff pursuant to Cal. Civil Code § 1719, an action that cannot legally be

-2-

1    taken or that was not intended to be taken, in violation of 15 U.S.C.

2    §1692e(5);

3    5.    Whether Defendants attempted or threatened to collect interest in addition to

4          a check fee from Plaintiff, an action that cannot legally be taken or that was

5          not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

6    6.    Whether Defendants attempted or threatened to collect attorney fees from

7          Plaintiff, an action that cannot legally be taken or that was not intended to be

8          taken, in violation of 15 U.S.C. § 1692e(5);

9    7.    Whether Defendants communicated or threatened to communicate credit

10         information regarding the debt, which was known by Defendants to be false,

11         to a consumer reporting agency, in violation of 15 U.S.C. § 1692e(8);

12   8.    Whether Defendants falsely represented that Defendants were lawfully

13         entitled to interest in addition to a check fee, in violation of 15 U.S.C. §§

14         1692e and 1692e(10);

15   9.    Whether Defendants falsely represented that Defendants were lawfully

16         entitled to attorney's fees, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

17   10.   Whether Defendants falsely represented that Defendants were entitled to

18         collect treble damages from Plaintiff pursuant to Cal. Civil Code § 1719, in

19         violation of 15 U.S.C. §§ 1692e and 1692e(10);

20   11.   Whether Defendants used false representations or deceptive means to collect

21         or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and

22         1692e(10);

23   12.   Whether Defendants attempted or threatened to collect interest, fees or other

24         charges from Plaintiff that are not expressly authorized by the agreement

25         creating the debt or otherwise permitted by law, in violation of 15 U.S.C. §

26         1692f(1);

27   13.   Whether Defendants intentionally caused harm to Plaintiff's emotional well

28         being by engaging in highly offensive conduct in the course of collecting the

-3-

1    debt thereby invading and intruding upon Plaintiff's right to privacy, solitude

2    and seclusion;

3    14. Whether Defendants' negligent failure to conform collection activities to the

4    standard of conduct set forth in the FDCPA was the proximate or legal cause

5    of the resulting injuries to Plaintiff;

6    15. Whether Defendants violated a statutory duty to Plaintiff as set forth in the

7    FDCPA, and is thereby liable for Plaintiff's damages under the doctrine

8    "tort-in se"; and

9    16. Whether Defendants acted with malice, oppression of fraud.

10   **4.    Motions**

11   Defendants have filed a Motion to Dismiss the Complaint. Plaintiff has filed an Opposition.

12   The matter was taken under submission on May 2, 2008.

13   Plaintiff will likely file a motion or motions for summary judgment or partial summary

14   judgment.

15   **5.    Amendment of Pleadings**

16   Each party may file an amended pleading without further stipulation.

17   **6.    Evidence Preservation**

18   Plaintiff will propose a protective order to govern production of confidential material in the

19   litigation.

20   Defendants have directed its relevant employees to preserve all documents, in paper or

21   electronic form, related to the subject matter in this case.

22   **7.    Disclosures**

23   **a.    Plaintiff's Statement**

24   Plaintiff served formal written disclosures on June 3, 2008, as required by Fed. R. Civ. P.

25   26(a)(1).

26   **b.    Defendants' Statement**

27   The Defendants have no additional documents to disclose at this time.

28   / / /

**8.    Discovery**

**Plaintiff's Discovery:**   Plaintiff will serve Interrogatories, Requests for Production of Documents and Requests for Admission shortly.  At this time and without the benefit of Defendants' initial disclosures, Plaintiff anticipates that she may require up to 10 depositions in this matter.

**Defendants' Discovery:**

Defendant will serve Interrogatories, Requests for Production of Documents, Requests for Admissions and may dispose the Plaintiff.

**9.    Class Actions**

This case is not a class action.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.    Related Cases**

The parties are not aware of any related cases at this time.

**11.    Relief**

      **a.    Plaintiff's Statement**

Plaintiff requests that this Court:

      a.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10) and 1692f(1);

      b.    Award Plaintiff her actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

      c.    Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      d.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial for Defendants' invasions of Plaintiff's privacy;

      e.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial for Defendants' negligent collection practices;

      f.    Award Plaintiff her actual damages and punitive damages in an amount to be determined at trial under the doctrine of "tort-in-se";

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN          Case No. C08-00991-JF-RS

g.      Award Plaintiff the costs of this action and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k(a)(3);

h.      Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

i.      Award Plaintiff such other and further relief as may be just and proper.

**b.      Defendants' Statement**

**12.      Settlement and ADR**

The Parties have selected Mediation as their ADR Process.

**13.      Consent to Magistrate Judge for All Purposes**

Parties have not consented to proceed before a Magistrate Judge for all purposes.

**14.      Other References**

None at this time.

**15.      Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.      Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.      Scheduling**

| | |
|---|---|
| Initial Case Management Conference | June 20, 2008 |
| Close of Fact Discovery | December 31, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | January 14, 2009 |
| Last Day to File Dispositive Motions | February 4, 2009 |
| Opposition to Dispositive Motions | February 18, 2009 |
| Replies to Dispositive Motions | February 25, 2009 |
| Hearing on Dispositive Motions | March 20, 2009, at 9:00 a.m. |
| Final Pre-Trial Conference | March 27, 2009, at 11:00 a.m. |
| Trial | April 17, 2009, at 1:30 a.m. |

**18.      Trial**

The parties anticipate that the action can be ready for trial in April 2009.

-6-

1    Estimated length of trial is 2-3 days.

2    **19.    Disclosure of Non-Party Interested Entities or Persons**

3            **a.    Plaintiff's Statement**

4    Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following

5    listed persons, associations of persons, firms, partnerships, corporations (including parent

6    corporations) or other entities (i) have a financial interest in the subject matter in controversy or in

7    a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

8    could be substantially affected by the outcome of this proceeding:

9                    i.    Herminia Lorenzo Cruz, an individual residing in San Jose,

10                       California.

11           **b.    Defendants' Statement**

12   Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following

13   listed persons, associations of persons, firms, partnerships, corporations (including parent

14   corporations) or other entities (i) have a financial interest in the subject matter in controversy or in

15   a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that

16   could be substantially affected by the outcome of this proceeding:

17                   i.    INTERNATIONAL COLLECTION CORPORATION, a California

18                       corporation, CHARLES D. HENDRICKSON, an individual.

19   **20.    Other Matters**

20   None at this time.

21

22   Dated: June 3, 2008                          /s/ Fred W. Schwinn
                                                   Fred W. Schwinn, Esq.
23                                                 Attorney for Plaintiff
                                                   HERMINIA LORENZO CRUZ
24

25   Dated: June 3, 2008                          /s/ Larry Rothman
                                                   Larry Rothman, Esq.
26                                                 Attorney for Defendants
                                                   INTERNATIONAL COLLECTION
27                                                 CORPORATION, and CHARLES
                                                   D. HENDRICKSON
28

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN          Case No.  C08-00991-JF-RS