1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   HERMINIA LORENZO CRUZ
6

7

8          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                      **SAN JOSE DIVISION**

10 HERMINIA LORENZO CRUZ,                    Case No.  C08-00991-JF-RS

11                          Plaintiff,       **NOTICE OF MOTION AND**
                                             **MOTION TO COMPEL WRITTEN**
12 v.                                        **DISCOVERY RESPONSES AND**
                                             **PRODUCTION OF DOCUMENTS**
13 INTERNATIONAL COLLECTION
   CORPORATION, a California corporation,    [Fed. R. Civ. P. 37(a)]
14 and CHARLES D. HENDRICKSON,
   individually and in his official capacity, Date:      September 17, 2008
15                                           Time:      9:00 a.m.
                           Defendants.       Judge:     Honorable Richard Seeborg
16                                           Courtroom: 4, 5th Floor
                                             Place:     280 South First Street
17                                                      San Jose, California

18

19 TO:  ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

20         PLEASE TAKE NOTICE that on September 17, 2008, at 9:00 a.m., or as soon thereafter as

21 this matter may be heard, in Courtroom 4 of the United States District Court, located at 280 South

22 First Street, San Jose, California, before the Honorable Richard Seeborg, United States Magistrate

23 Judge, Plaintiff, HERMINIA LORENZO CRUZ ("Movant"), will move the Court for an Order

24 compelling INTERNATIONAL COLLECTION CORPORATION (hereinafter "ICC") to produce

25 supplemental written discovery responses and documents responsive to Movant's document

26 requests.

27         This motion is made pursuant to Fed. R. Civ. P. 37(a) and Civil L.R. 37-2 on the grounds that

28 ICC has refused to provide supplemental discovery responses and documents despite efforts to meet

1    and confer and to limit the scope of the requests.

2    This motion is based on this Notice of Motion and Motion to Compel Written Discovery

3    Responses and Production of Documents, the Memorandum of Points and Authorities in Support

4    of Motion to Compel Written Discovery Responses and Production of Documents, the Declaration

5    of Fred W. Schwinn in Support of Motion to Compel Written Discovery Responses and Production

6    of Documents, and the Declaration of Raeon R. Roulston in Support of Motion to Compel Written

7    Discovery Responses and Production of Documents filed herewith, and such other evidence,

8    argument, and authorities which may be presented at or prior to the hearing before this Court on this

9    Motion, and such other and further matters of which this Court may take judicial notice.

10    Please govern yourself accordingly.

11

12    CONSUMER LAW CENTER, INC.

13

14    Dated: August 13, 2008    By: /s/ Fred W. Schwinn
                                    Fred W. Schwinn, Esq.
15                                  Attorney for Plaintiff
                                    HERMINIA LORENZO CRUZ
16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL                    Case No.  C08-00991-JF-RS

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   HERMINIA LORENZO CRUZ

6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10 HERMINIA LORENZO CRUZ,                Case No.  C08-00991-JF-RS

11                       Plaintiff,

12 v.                                    **MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT OF
13 INTERNATIONAL COLLECTION             MOTION TO COMPEL WRITTEN
   CORPORATION, a California corporation, DISCOVERY RESPONSES AND
14 and CHARLES D. HENDRICKSON,          PRODUCTION OF DOCUMENTS**
   individually and in his official capacity,
15                                       [Fed. R. Civ .P. 37(a)]

                         Defendants.
16                                       Date:       September 17, 2008
                                         Time:       9:00 a.m.
17                                       Judge:      Honorable Richard Seeborg
                                         Courtroom:  4, 5th Floor
18                                       Place:      280 South First Street
                                                     San Jose, California
19

20         COMES NOW the Plaintiff, HERMINIA LORENZO CRUZ (hereinafter "CRUZ"), by and

21 through her attorney Fred W. Schwinn of the Consumer Law Center, Inc., and pursuant to Fed. R.

22 Civ .P. 37(a), hereby submits her Memorandum of Points and Authorities in Support of Motion to

23 Compel Written Discovery Responses and Document Production filed herein.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

MEMORANDUM                                           Case No.  C08-00991-JF-RS

1

# <u>TABLE OF CONTENTS</u>

2  TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3  TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

4  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6  POINTS AND AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7      DISCOVERY PRINCIPLES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

8      INTERROGATORIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9          INTERROGATORY NO. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

10          INTERROGATORY NO. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11          INTERROGATORY NO. 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12          INTERROGATORY NO. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13          INTERROGATORY NO. 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

14          INTERROGATORY NO. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15          INTERROGATORY NO. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16          INTERROGATORY NO. 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17          INTERROGATORY NO. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18          INTERROGATORY NO. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19      REQUEST FOR PRODUCTION OF DOCUMENTS  . . . . . . . . . . . . . . . . . . . . . . . . . 9

20          DOCUMENT REQUEST NO. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21          DOCUMENT REQUEST NO. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

22          DOCUMENT REQUEST NO. 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

23          DOCUMENT REQUEST NO. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

24          DOCUMENT REQUEST NO. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

25          DOCUMENT REQUEST NO. 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

26          DOCUMENT REQUEST NO. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

27          DOCUMENT REQUEST NO. 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28          DOCUMENT REQUEST NO. 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

1  DOCUMENT REQUEST NO. 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

2  DOCUMENT REQUEST NO. 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

3  DOCUMENT REQUEST NO. 22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

4  DOCUMENT REQUEST NO. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

5  DOCUMENT REQUEST NO. 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

6  DOCUMENT REQUEST NO. 28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

7  DOCUMENT REQUEST NO. 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

8  DOCUMENT REQUEST NO. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

9  DOCUMENT REQUEST NO. 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

10  DOCUMENT REQUEST NO. 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

11  DOCUMENT REQUEST NO. 33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

12  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## Cases

*Ables v. JBC Legal Group*, 2005 U.S. Dict LEXIS 41176
(N.D. Cal. October 21, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ahern v. Transunion, LLC*, 2002 U.S. Dist. LEXIS 26355
(D. Conn. October 23, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Boutvis v. Risk Management Alternatives*, 2002 U.S. Dist. LEXIS 8521
(D. Conn. May 3, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bradley Trust v. Zenith Capital*,
2005 U.S. Dist. LEXIS 35562 (N.D. Cal. May 3, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Burlington Northern & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142
(9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589 (W.D.N.Y. 1966) . . . . . . . . . . . 2

*Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006) . . . . . . . . . . 3

*Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127 (9th Cir. 1992) . . . . . . . . . . . . . . . . . 14

*Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16
(S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Davidson v Goord*, 215 F.R.D. 73 (W.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677 (D. Kan. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Dole v. Milonas*, 889 F.2d 885 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981) . . . . . . . . . . . . . . . 2

*Fausto v. Credigy Services Corp.*, — F.R.D. —,
2008 U.S. Dist. LEXIS 53108 (N.D. Cal. June 13, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Federal Trade Commission v. Lundgren*,
1997 U.S. Dist. LEXIS 9557 (E.D. Cal. April 30, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Fox v. Citicorp Cred. Svcs.*, 15 F.3d 1507 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*,
2007 U.S. Dist. LEXIS 8870 (E.D. Cal. January 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Garland v. Torres*, 259 F.2d 545 (2d Cir. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Kimbro v. I.C. System*, 2002 U.S. Dist. LEXIS 14599 (D. Conn. July 22, 2002) . . . . . . . . . . . 10

*Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281 (C.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . 19

*Obiajulu v. City of Rochester*, 166 F.R.D. 293 (W.D.N.Y. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Oleson v. Kmart Corp.*, 175 F.R.D. 560 (D. Kan. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Pullen v. Arrow Financial Services LLC*, 2002 U.S. Dist. LEXIS 27823
(D. Conn. October 17, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Reichert v. Nat'l Credit Sys.*, — F.3d —,
2008 U.S. App. LEXIS 16573 (9th Cir. July 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 8

*Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D. Pa.1980) . . . . . . . . . . . . . . . . . . . . . . . 4

*St. Paul Reinsurance Co. v. Commer. Fin. Corp.*, 198 F.R.D. 508 (N.D. IA 2000) . . . . . . . . . . . 4

*Trevino v. ABC Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*V.D. Anderson Co. v. Helena Cotton Oil Co.*, 117 F. Supp. 932 (E.D. Ark. 1953) . . . . . . . . . . . 2

*Wing v. Challenge Machinery Co.,* 23 F.R.D. 669 (S.D. Ill. 1959) . . . . . . . . . . . . . . . . . . . . . . . . 4

*White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Statutes**

15 U.S.C. § 1692k(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15, 16

**Misc.**

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL
(The Rutter Group 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# I. INTRODUCTION

Plaintiff, CRUZ, requests this Court's assistance in obtaining written discovery responses and documents from Defendant, INTERNATIONAL COLLECTION CORPORATION (hereinafter "ICC").  As is set forth below and in the attached declarations, ICC has refused to provide supplemental discovery responses and documents despite efforts to meet and confer and to limit the scope of the requests.

Accordingly, CRUZ respectfully requests the Court to issue an order compelling ICC to produce supplemental written discovery responses and documents responsive to CRUZ's document requests.

# II. PROCEDURAL HISTORY

CRUZ served her first set of written discovery on ICC on June 3, 2008.[1]  ICC served its objections and responses on July 7, 2008.[2]  These discovery responses were incomplete and contained objections that were without merit.  In an attempt to resolve these discovery disputes informally, CRUZ sent a meet and confer letter to ICC on July 17, 2008.[3]  This meet and confer letter explained the purpose and scope of the requests as well as CRUZ's position on ICC's objections.  However, ICC has not respond to this letter and has not provided any further documents or written responses to CRUZ's discovery requests.[4]

# III.  POINTS AND AUTHORITIES

## A.    DISCOVERY PRINCIPLES

CRUZ is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of

---

[1]  Declaration of Fred W. Schwinn in Support of Motion to Compel ¶¶ 3 and 4; Exhibit "1"; Exhibit "2."

[2]  Declaration of Fred W. Schwinn in Support of Motion to Compel ¶¶ 6 and 7; Exhibit "3"; Exhibit "4."

[3]  Declaration of Raeon R. Roulston in Support of Motion to Compel ¶ 3; Exhibit "5."

[4]  Declaration of Fred W. Schwinn in Support of Motion to Compel ¶ 8, Declaration of Raeon R. Roulston in Support of Motion to Compel ¶ 4.

---

MEMORANDUM                              -1-                    Case No.  C08-00991-JF-RS

1    fact-oriented issues [which] may arise during litigation that are not related to the merits."[5]

2        It is ICC's burden to persuade the Court that the information and documents it has refused

3    to provide are outside the broad scope of discovery.[6]  Boilerplate objections are ineffectual.[7]  The

4    Court may not consider the merits of the action in ruling on discovery disputes.[8]

5    **B.    INTERROGATORIES**

6                        <u>INTERROGATORY NO. 2</u>

7    <u>REQUEST:</u>

8        Please **IDENTIFY** and describe any **DOCUMENTS** used to describe or record **YOUR**

9    methods and techniques used in the collection of consumer accounts.  Said **DOCUMENTS** would

10   include, but would not be limited to, collection activity logs.

11   <u>RESPONSE:</u>

12       Collection computer notes.

13   <u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY</u>

14   <u>NO. 2</u>:

15       This interrogatory is intended to discover collection logs for the Plaintiff's account, and other

16   similar materials.  The materials sought are relevant in determining whether Defendant can show

17   that alleged violations of the FDCPA were a result of a "bona fide error notwithstanding the

18

19

---

20       [5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

21       [6] *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984);
22   *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971);  *Elgin FCU v. Carter, Fitzgerald Securities*, 91
     F.R.D. 414 (N.D. Ga. 1981);  *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975).
23

24       [7] *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982);  *Obiajulu v. City of Rochester*,
     166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules);  *Burns
25   v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections
     are insufficient).
26
         [8] *Garland v. Torres*, 259 F.2d 545, 550-51 (2d Cir. 1958).  *See also V.D. Anderson Co. v.
27   Helena Cotton Oil Co.*, 117 F. Supp. 932, 945 n.9 (E.D. Ark. 1953) ("[I]t is no objection to an
     interrogatory that it relates to a defense or claim which is insufficient in law.  It is not ordinarily the
28   function of the court in passing upon objections to interrogatories to decide ultimate questions").

---

1  maintenance of procedures reasonably adapted to avoid any such error."[9]  Defendant raised an

2  affirmative defense of bona fide error in Defendant's Answer.[10]  Defendant has the burden of proof

3  and the burden of production as to this affirmative defense.[11]  Therefore, Defendant must either

4  abandon this affirmative defense or disclose all evidence that will be used to support this affirmative

5  defense.

6  <div align="center">INTERROGATORY NO. 3</div>

7  REQUEST:

8  Please list and explain all abbreviations and codes, letters, numerals or symbols regularly

9  used by **YOU** in **YOUR** records or collection activities.  **YOUR** answer should include references

10  to any and all **DOCUMENTS** which support **YOUR** answer.

11  RESPONSE:

12  Objection, lack of relevance, overbroad, burdensome and oppressive.

13  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

14  NO. 3:

15  Defendant's objections are meritless and inappropriate.  Defendant objects that Plaintiff's

16  interrogatory lacks relevance, however it is directly relevant to the instant case.  Defendant has

17  raised the bona fide error defense in the Answer, and Defendant has the burden of proof and the

18  burden of production as to this defense.  Interrogatory number 2 seeks collection logs relevant to

19  proving or disproving the bona fide error defense, but the discovery of the collection logs are

20  rendered meaningless without the codes and abbreviations to decipher them.  Therefore, Defendant

21  must either abandon this affirmative defense or disclose the evidence that will be used to support

22  this affirmative defense.

23  Defendant's additional objections of "overbroad, burdensome and oppressive" are equally

24  

25  [9]  15 U.S.C. § 1692k(c).

26  [10]  Answer (Doc. 19) 6:4-10.

27  [11]  *Reichert v. Nat'l Credit Sys.*, — F.3d —, 2008 U.S. App. LEXIS 16573 at *6 (9th Cir. July

28  7, 2008);  *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176-77 (9th Cir. 2006);  *Fox v. Citicorp Cred. Svcs.*, 15 F.3d 1507 (9th Cir. 1994).

1    misplaced. An "overbroad" objection is valid only when the breadth of the discovery is burdensome

2    and oppressive.[12] This interrogatory deals with a specific and narrow subject matter. Furthermore,

3    the Defendant's mere insistence that this interrogatory is "burdensome and oppressive" is

4    insufficient to state an objection. "[T]he party resisting discovery 'must show specifically how . .

5    . each interrogatory [or request for production] is not relevant or how each question is overly broad,

6    burdensome or oppressive.'"[13] Defendant has not met this burden, therefore the information

7    requested should be compelled.

8                                    INTERROGATORY NO. 4

9    REQUEST:

10           Please describe in complete detail, step-by-step, the process which resulted in Exhibits "1",

11   "4", "5" "6," "7," "8," "11," and "12" being transmitted to Plaintiff, beginning with the date and

12   method of transmission of debtor information to **YOU**, e.g., computer tapes or other media delivered

13   (when, by whom, where and to whom); content of computer tape or media; data input (where and

14   by whom); computer entry or other means of directing transmission letters (where and by whom

15   entry made), letter with debtor information printed (from where and by whom); letter with debtor

16   information mailed (from where and by whom), computer tapes or media returned (on what

17   occasion, when, by whom and to whom). **YOUR** answer should include references to any and all

18   **DOCUMENTS** which support your answer.

19   RESPONSE:

20           Letters are sent in accordance with when they are dated.

21   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

22   NO. 4:

23           This interrogatory seeks information of the type requested in Interrogatory number 3; the

24   procedures maintained by Defendant to avoid violating the FDCPA. Defendant has raised the bona

25

26           [12] *Wing v. Challenge Machinery Co.,* 23 F.R.D. 669, 673 (S.D. Ill. 1959).

27           [13] *St. Paul Reinsurance Co. v. Commer. Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000);

28   *citing, Josephs*, 677 F.2d at 992; *see also, Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97
     (E.D. Pa.1980); and *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997).

1    fide error defense in their Answer, and Defendant has the burden of proof and the burden of

2    production as to this defense.  This interrogatory is even more directly on point than Interrogatory

3    number 3.  Defendant's response failed to answer any part of the detailed request posed.  Therefore,

4    the Court should compel Defendant to disclose the evidence that will be used to support this

5    affirmative defense, or Defendant must abandon the affirmative defense.

6                                    <u>INTERROGATORY NO. 6</u>

7    <u>REQUEST:</u>

8         Please describe in complete detail the maintenance of all procedures utilized by **YOU** to

9    avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).  **YOUR**

10   answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

11   <u>RESPONSE:</u>

12        I verify the accuracy of all documents that are sent out.

13   <u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY</u>

14   <u>NO. 6</u>:

15        This interrogatory seeks information regarding the effectiveness of the procedures

16   maintained by Defendant in order to avoid noncompliance with the relevant statutes.  If it appears

17   that noncompliance occurs despite the procedures that Defendant maintain, then clearly such

18   procedures are not "reasonably adapted" to avoid such noncompliance and Defendant would be

19   unable to meet their burden under the bona fide error defense.[14]  To this end, this interrogatory seeks

20   information pertaining to documents on the subject of whether the procedures maintained by

21   Defendant are resulting in compliance or noncompliance.  Defendant's response is so devoid of

22   information as to be no response at all.  Therefore, the Court should compel Defendant to disclose

23   the evidence that will be used to support this affirmative defense, or Defendant must abandon the

24   affirmative defense.

25   / / /

26   / / /

27   _____

28        [14] *See Reichert*, *supra*.

INTERROGATORY NO. 7

REQUEST:

Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A). **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

RESPONSE:

I verify the accuracy of all documents that are sent out.

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY NO. 7:

Please refer to the argument made above for compelling further response to Interrogatory No. 6.

INTERROGATORY NO. 8

REQUEST:

Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B). **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

RESPONSE:

I verify the accuracy of all documents that are sent out.

FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY NO. 8:

Please refer to the argument made above for compelling further response to Interrogatory No. 6.

INTERROGATORY NO. 9

REQUEST:

Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5). **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

/ / /

1  RESPONSE:

2      I verify the accuracy of all documents that are sent out.

3  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

4  NO. 9:

5      Please refer to the argument made above for compelling further response to Interrogatory No.

6  6.

7                  INTERROGATORY NO. 10

8  REQUEST:

9      Please describe in complete detail the maintenance of all procedures utilized by **YOU** to

10 avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8).  **YOUR**

11 answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

12 RESPONSE:

13     I verify the accuracy of all documents that are sent out.

14 FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

15 NO. 10:

16     Please refer to the argument made above for compelling further response to Interrogatory No.

17 6.

18                 INTERROGATORY NO. 11

19 REQUEST:

20     Please describe in complete detail the maintenance of all procedures utilized by **YOU** to

21 avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).  **YOUR**

22 answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

23 RESPONSE:

24     I verify the accuracy of all documents that are sent out.

25 FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY

26 NO. 11:

27     Please refer to the argument made above for compelling further response to Interrogatory No.

28 6.

---

1

<u>INTERROGATORY NO. 12</u>

2

<u>REQUEST:</u>

3      Please **IDENTIFY** all **DOCUMENTS** which would show **YOUR** compliance or

4  noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c),

5  1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8) and 1692f(1).

6  <u>RESPONSE:</u>

7      Documents in your possession.

8  <u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO INTERROGATORY</u>

9  <u>NO. 12</u>:

10     This interrogatory seeks information regarding the effectiveness of the procedures

11  maintained by Defendant in order to avoid noncompliance with the relevant statutes.  If it appears

12  that noncompliance occurs despite the procedures that Defendant maintains, then such procedures

13  are not "reasonably adapted" to avoid such noncompliance and Defendant would be unable to meet

14  its burden under the bona fide error defense.[15]  To this end, this interrogatory seeks information

15  pertaining to documents on the subject of whether the procedures maintained by Defendant are

16  resulting in compliance or noncompliance.  If Defendant does not intend to abandon the bona fide

17  error defense, Defendant should produce a concrete and detailed response to this interrogatory.

18     Moreover, Plaintiff is unaware of what documents in <u>Plaintiff's</u> possession could possibly

19  show <u>Defendant's</u> compliance with the FDCPA.  Defendant is in the best position to provide this

20  information.  Even if said documents were in Plaintiff's possession, a party may not refuse to

21  respond to a discovery request on the ground that the requested information is in the possession of

22  the requesting party.[16]  For these reasons the Court should compel Defendant to disclose the

23  evidence that will be used to support this affirmative defense, or Defendant must abandon the

24  affirmative defense.

25  / / /

26

27     [15]  *See Reichert*, *supra*.

28     [16]  *See Davidson v Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).

MEMORANDUM           -8-           Case No.  C08-00991-JF-RS

1  ## C.      REQUEST FOR PRODUCTION OF DOCUMENTS

2  <center>DOCUMENT REQUEST NO. 8</center>

3  DOCUMENT REQUEST:

4  All contracts, agreements, or other **DOCUMENTS** between Defendant, INTERNATIONAL

5  COLLECTION CORPORATION, and Harrah's Casino, regarding Plaintiff and collection of her

6  debt.

7  RESPONSE TO DOCUMENT REQUEST:

8  Objection, lack of relevancy, burdensome and oppressive.

9  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

10 REQUEST NO. 8:

11 Plaintiff's request is relevant because Defendant has raised the bona fide error defense in its

12 Answer, and Defendant has the burden of proof and the burden of production as to this defense.

13 This request seeks information regarding the manner in which Defendant sets about collecting the

14 debt,  which would tend to prove or disprove any assertion of bona fide error.

15 Moreover, at least one case in the Northern District of California has held that agreements

16 between the creditor and defendant debt collector are relevant and discoverable in an FDCPA case.

17 Defendants also argue that the document request does not seek relevant material
because the relationship between defendants has already been judicially admitted.

18 As noted above, however, "relevant information need not be admissible at the trial
if the discovery appears reasonably calculated to lead to the discovery of admissible

19 evidence."  Fed. R. Civ. Pro. 26(b)(1).  These documents appear relevant to
demonstrate the scope of the relationship between defendants and their clients, which

20 could reasonably lead to admissible evidence.  Accordingly, because the contracts
do not appear to be privileged and may be relevant to this action, defendants shall

21 provide all responsive documents to Abels within 20 days of the date of this order.[17]

22 Additionally, as mentioned above, Defendant may not make a valid objection by merely

23 stating that a request is burdensome and oppressive.

24 <center>DOCUMENT REQUEST NO. 9</center>

25 DOCUMENT REQUEST:

26 Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL

27

28 [17] *Ables v. JBC Legal Group*, 2005 U.S. Dist. LEXIS 41176 at *4 (N.D. Cal. October 21, 2005).

---

1  COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt

2  Collection Practices Act, 15 U.S.C. § 1692c(c).

3  RESPONSE TO DOCUMENT REQUEST:

4      Objection, lack of relevancy, burdensome and oppressive, public records.

5  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

6  REQUEST NO. 9:

7      Information regarding prior litigation filed against Defendant is directly related to

8  Defendant's assertion of a bona fide error. Numerous federal courts have upheld discovery of this

9  information as relevant to FDCPA claims, including the United States District Court for the

10  Northern District of California. In *Trevino v. ACB*,[18] the court held that, "information relating to

11  whether or not defendants had claims filed against them, participated in litigation or arbitration, or

12  received demand letters from attorneys about the legality of collection efforts under the FDCPA is

13  relevant and must be disclosed."[19] This Court specifically ordered the defendant to identify the

14  caption, court, civil action number, result and name of plaintiffs' attorneys.[20]

15      In *Boutvis v. Risk Management Alternatives*[21], the District of Connecticut ordered the

16  defendant debt collector to produce information of past judgments, court opinions, complaints, and

17  consent orders concerning defendant's practices under the FDCPA, stating that they were "clearly

18  relevant to the state of mind with which defendant acted. It is also relevant to whether defendant's

19  statutory violations occurred after it had actual notice that its practices were actionable."[22]

20  _____

21      [18]  232 F.R.D. 612 (N.D. Cal. 2006).

22      [19]  *Id.* at 616.

23      [20]  *Id.*

24      [21]  2002 U.S. Dist. LEXIS 8521 (D. Conn. May 3, 2002).

25      [22]  *Id.* at 10. *See also, Kimbro v. I.C. System*, 2002 U.S. Dist. LEXIS 14599 at *8 (D. Conn.

26  July 22, 2002) (Court upheld request for prior litigation because it was "clearly relevant to the state of mind with which [defendant debt collector] acted," and "relevant to whether defendant's alleged

27  statutory violations occurred after it had actual notice that its practices were actionable."); *Yancey v. Hooten*, 180 F.R.D. 203, 214 (D. Conn. 1998) (court ordered debt collector to produce the

28  summons page of each prior lawsuit.).

_____

MEMORANDUM                    -10-                    Case No. C08-00991-JF-RS

1    In *Ahern v. Transunion, LLC*,[23] the court compelled production of "all judgments, court

2    opinions, complaints, and consent orders concerning Transunion's practices under the FCRA [Fair

3    Credit Reporting Act] in or after the year 1997." *Id*.  In so doing, the court reasoned that the request

4    was "not overbroad, vague, ambiguous or unduly burdensome; nor is the requested information not

5    reasonably calculated to lead to the discovery of admissible evidence." *Id*.  "The material sought

6    is clearly relevant to the state of mind with which Transunion acted.  It is also relevant to whether

7    Transunion alleged statutory violations occurred after it had actual notice that its practices were

8    actionable.  While it may be burdensome to require Transunion to compile and permit discovery of

9    the various legal complaints and judgments against it from 1997 to the present, surely these

10    documents are not so voluminous that it is an unconscionable or unfair burden for defendant to

11    shoulder." *Id*.

12    In *Pullen v. Arrow Financial Services, LLC*,[24] the court directed production of "all

13    judgments, court opinions, complaints and consent orders relating to the defendant's acts and

14    practices 'regarding insufficient funds checks in or after 2000.'" *Id*.  The Court found the

15    defendant's objections to be "dilatory and unmeritorious" and imposed legal fees. *Id*.

16    In addition, Defendant's response implies that since Defendant asserts that the requested

17    documents are "public records," Plaintiff should obtain them without the help of Defendant.

18    However, a party may not refuse to respond to a discovery request on the ground that the requested

19    information is in the possession of the requesting party.[25]  Nor may a party object that information

20    is more readily available to the requesting party.[26]  Taken together, it is clear that Defendant's

21    objections to this request are improper.  While Plaintiff could conceivably make a painstaking search

22    to obtain the information, Defendant is in the best position to provide information on cases that

23    Defendant has defended.

24    ───────────────

25    [23]  2002 U.S. Dist. LEXIS 26355 (D. Conn. October 23, 2002).

26    [24]  2002 U.S. Dist. LEXIS 27823 (D. Conn. October 17, 2002).

27    [25]  *See Davidson*, 215 F.R.D.at 77.

28    [26]  *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004).

1    In sum, this evidence goes to establishing Defendant's credibility, pattern and practice, the

2   frequency and persistence of noncompliance, the nature of such noncompliance, the number of

3   persons adversely affected, and the extent to which Defendant's noncompliance was intentional.

4   In addition, this document production request goes directly to whether Defendant's "bona fide error"

5   defense is valid.

6                                    DOCUMENT REQUEST NO. 10

7   DOCUMENT REQUEST:

8    Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL

9   COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt

10   Collection Practices Act, 15 U.S.C. § 1692e(2)(A).

11   RESPONSE TO DOCUMENT REQUEST:

12    Objection, lack of relevancy, burdensome and oppressive.

13   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

14   REQUEST NO. 10:

15    Please refer to the argument made above for compelling documents responsive to Document

16   Request No. 9.

17                                    DOCUMENT REQUEST NO. 11

18   DOCUMENT REQUEST:

19    Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL

20   COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt

21   Collection Practices Act, 15 U.S.C. § 1692e(2)(B).

22   RESPONSE TO DOCUMENT REQUEST:

23    Objection, lack of relevancy, burdensome and oppressive, public records.

24   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

25   REQUEST NO. 11:

26    Please refer to the argument made above for compelling documents responsive to Document

27   Request No. 9.

28   / / /

1    <div align="center">DOCUMENT REQUEST NO. 12</div>

2    DOCUMENT REQUEST:

3    Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL

4    COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt

5    Collection Practices Act, 15 U.S.C. § 1692e(5).

6    RESPONSE TO DOCUMENT REQUEST:

7    Objection, lack of relevancy, burdensome and oppressive, public records.

8    FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

9    REQUEST NO. 12:

10    Please refer to the argument made above for compelling documents responsive to Document

11    Request No. 9.

12    <div align="center">DOCUMENT REQUEST NO. 13</div>

13    DOCUMENT REQUEST:

14    Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL

15    COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt

16    Collection Practices Act, 15 U.S.C. § 1692e(8).

17    RESPONSE TO DOCUMENT REQUEST:

18    Objection, lack of relevancy, burdensome and oppressive, public records.

19    FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

20    REQUEST NO. 13:

21    Please refer to the argument made above for compelling documents responsive to Document

22    Request No. 9.

23    <div align="center">DOCUMENT REQUEST NO. 14</div>

24    DOCUMENT REQUEST:

25    Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL

26    COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt

27    Collection Practices Act, 15 U.S.C. § 1692f(1).

28    / / /

1    RESPONSE TO DOCUMENT REQUEST:

2          Objection, lack of relevancy, burdensome and oppressive, public records.

3    FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

4    REQUEST NO. 14:

5          Please refer to the argument made above for compelling documents responsive to Document

6    Request No. 9.

7                              DOCUMENT REQUEST NO. 17

8    DOCUMENT REQUEST:

9          All **DOCUMENTS** in Defendant, INTERNATIONAL COLLECTION CORPORATION's,

10   possession sent to or received from Franklin J. Love, which in any way relate to the debt owed by

11   Plaintiff.

12   RESPONSE TO DOCUMENT REQUEST:

13         Objection - attorney client privilege.

14   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

15   REQUEST NO. 17:

16         The purpose of the attorney client privilege is to protect communications for which the

17   dominant purpose is to facilitate "full and frank disclosure by the client to his attorney"[27]  The

18   operative concept in claiming this privilege is that a "communication" occurred between lawyer and

19   client in anticipation of or in the course of litigation.  Information independently known to a client

20   does not become privileged merely by communicating it to the attorney.  Asking for "hard"

21   information such as dates, names or addresses falls well outside any protection the legislature

22   intended for this privilege.  "This circuit has held that a privilege log is sufficient to properly assert

23   the privilege, without explicitly holding that it is necessary to meet those requirements. . . .

24   However, in articulating this holding, the court did not authorize general boilerplate objections as

25   a proper method of asserting the privilege; indeed, it named a variety of methods such as in camera

26   _____

27         [27]  Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE
     TRIAL (The Rutter Group 2008) 11:656 (*citing, Clarke v. American Commerce Nat'l Bank*, 974
28   F.2d 127, 129 (9th Cir. 1992)).

1  review and redactions of privileged material, all of which involve conveying some information about

2  the content of the allegedly privileged material, which a boilerplate objection does not do."[28]

3  　　　　Therefore Defendant should be compelled to produce any information which is non-

4  privileged, as well as a privilege log for that information which is legitimately considered privileged.

5  　　　　　　　　　　　　　　DOCUMENT REQUEST NO. 19

6  DOCUMENT REQUEST:

7  　　　　All operation manuals or similar **DOCUMENTS**, etc., utilized by Defendant,

8  INTERNATIONAL COLLECTION CORPORATION, relating to its compliance with the federal

9  Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

10  RESPONSE TO DOCUMENT REQUEST:

11  　　　　Not applicable.

12  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

13  REQUEST NO. 19:

14  　　　　This response is completely non-responsive to the request.  Plaintiff is unaware how and by

15  what means Defendant could have determined that the operations manuals relating to its compliance

16  with the FDCPA are "not applicable" in this case.  Defendant has raised the bona fide error defense

17  in their Answer, and Defendant has the burden of proof and the burden of production as to this

18  defense.  The operation manuals sought are relevant in determining whether Defendant can show

19  that alleged violations of the FDCPA were a result of a "bona fide error notwithstanding the

20  maintenance of procedures reasonably adapted to avoid any such error"[29]  The Court must compel

21  a further response from Defendant on this issue.  If there are no operation manuals, Defendant must

22  so state.  If operation manuals exist, then Defendant must produce them or abandon its bona fide

23  error affirmative defense.

24  / / /

25

26

---

27  [28]  *Burlington Northern & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), *citing Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989).

28  [29]  15 U.S.C. § 1692k(c).

1

<u>DOCUMENT REQUEST NO. 20</u>

2

<u>DOCUMENT REQUEST:</u>

3    All **DOCUMENTS** relating to the maintenance of procedures by Defendant,

4    INTERNATIONAL COLLECTION CORPORATION, adapted to avoid any violation of the federal

5    Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

6

<u>RESPONSE TO DOCUMENT REQUEST:</u>

7    Objection, lack of relevancy, burdensome and oppressive.

8

<u>FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT</u>

9    <u>REQUEST NO. 20</u>:

10    Defendant has raised the bona fide error defense in their Answer, and Defendant has the

11    burden of proof and the burden of production as to this defense.  The materials sought are relevant

12    in determining whether Defendant can show that alleged violations of the FDCPA were a result of

13    a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any

14    such error"[30] Therefore, the Court must compel Defendant to disclose the evidence that will be used

15    to support this affirmative defense or Defendants must abandon this affirmative defense.  As

16    discussed above, objecting on the basis that a request is overbroad or burdensome, without any other

17    response, is improper.

18

<u>DOCUMENT REQUEST NO. 21</u>

19

<u>DOCUMENT REQUEST:</u>

20    All material, including video and audio tapes, pertaining to training by or for Defendant,

21    NATIONAL ENTERPRISE SYSTEMS, INC., [sic] and its employees regarding the federal Fair

22    Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

23

<u>RESPONSE TO DOCUMENT REQUEST:</u>

24    I do not have these.

25    / / /

26    / / /

27

28    [30]  15 U.S.C. § 1692k(c).

1  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT
2  REQUEST NO. 21:

3      Plaintiff's request contained an apparent typographical error and referred to a non-party
4  when it was intended to refer to Defendant, INTERNATIONAL COLLECTION CORPORATION.
5  Plaintiff's counsel clarified this error in a meet and confer letter.  However, Defendant did not
6  produce any supplemental documents or materials responsive to the request.

7      This request, like request number 20, seeks material pertaining to the compliance materials
8  of Defendant.  Therefore, the Court must compel Defendant to disclose the evidence that will be
9  used to support this affirmative defense or Defendants must abandon this affirmative defense.

10  <div align="center">DOCUMENT REQUEST NO. 22</div>

11  DOCUMENT REQUEST:

12      A copy of the entire contents of the collection file maintained by Defendant,
13  INTERNATIONAL COLLECTION CORPORATION, pertaining to the collection of the debt owed
14  by Plaintiff to Harrah's Casino.

15  RESPONSE TO DOCUMENT REQUEST:

16      Objection - as of attorney client privilege.  Documents are attached to the complaint.

17  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT
18  REQUEST NO. 22:

19      As discussed above, any claim of attorney-client privilege must be accompanied by a
20  privilege log.  Therefore Defendant should be compelled to produce any information which is non-
21  privileged, as well as a privilege log for that information which is legitimately considered privileged.

22  <div align="center">DOCUMENT REQUEST NO. 25</div>

23  DOCUMENT REQUEST:

24      A current balance sheet for Defendant, INTERNATIONAL COLLECTION
25  CORPORATION.

26  RESPONSE TO DOCUMENT REQUEST:

27      Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to
28  date.

1  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT
2  REQUEST NO. 25:

3      As discussed above, it is inappropriate for Defendant to determine what is "not applicable"
4  in this case.  Moreover, objecting on the basis that a request is irrelevant, without any other
5  response, is improper.  As to Defendant's assertion that Plaintiff has not met the "burden" for
6  punitive damages to date, Plaintiff has no such burden to meet during the discovery process.  The
7  requested information is relevant and non-privileged, and Defendant is in the best position to
8  provide this information, therefore Defendant has no grounds to deny Plaintiff's request.  Therefore,
9  the Court should compel Defendant to disclose the requested information.

10                  DOCUMENT REQUEST NO. 27

11  DOCUMENT REQUEST:

12      All documents regarding Defendant, INTERNATIONAL COLLECTION CORPORATION,
13  showing its net worth that have been provided to any government agency.

14  RESPONSE TO DOCUMENT REQUEST:

15      Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to
16  date.  Tax Returns are privileged.

17  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT
18  REQUEST NO. 27:

19      As discussed above, it is not for Defendant to determine what is "not applicable" in this case.
20  Moreover, objecting on the basis that a request is irrelevant, without any other response, is improper.
21  As to Defendant's assertion that Plaintiff has not met the "burden" for punitive damages to date,
22  Plaintiff has no such burden to meet during the discovery process.  The requested information is
23  relevant and non-privileged, and Defendant is in the best position to provide this information,
24  therefore, Defendant has no grounds to deny Plaintiff's request.  As noted above, all claims of
25  privilege must be accompanied by a privilege log.

26      Moreover, a debt collector's tax returns and financial statements are not privileged in a
27  federal proceeding with punitive damages implications.  Plaintiff has made claims for statutory,
28  actual and punitive damages.  Evidence of Defendant's net worth is precisely relevant to determining

MEMORANDUM                    -18-              Case No.  C08-00991-JF-RS

1    punitive damages.  Defendant apparently believes, mistakenly, that California state civil procedure

2    rules govern this action, thus wrongly presuming that California Code of Civil Procedure § 3295

3    prevents discovery regarding financial condition, unless Plaintiffs obtains leave of court.

4        However, "as a state discovery and procedural law, California Civil Code § 3295 conflicts

5    with FRCP 26(b); it establishes a discovery scheme fundamentally inconsistent with the discovery

6    rules under the Federal Rules of Civil Procedure."[31]   Indeed, discovery is a procedural matter

7    governed in the federal courts by the Fed. R. Civ. P., and state procedural rules are irrelevant.[32]

8    Moreover, this and other courts within the Ninth Circuit have repeatedly and consistently held that

9    evidence of financial condition is discoverable.[33]   Courts within the Ninth Circuit considering

10   discovery matters in FDCPA cases have reached the same conclusion.[34]

11       Furthermore, Plaintiff has brought claims for treble damages under California Civil Code §

12   3345, in addition to claims for punitive/exemplary damages under California Civil Code § 3294.

13   California Civil Code § 3345 has no preconditions to conducting discovery of financial condition.

14       Additionally, Plaintiff would like to resolve this case and believes this discovery information

15   may assist the parties in making a realistic appraisal of the case, may lead to settlement and may

16   avoid protracted litigation.  As the Central District of California has noted:

17       The discovery of financial information relevant to a punitive damages claim is
         permissible under the Federal Rules of Civil Procedure, whether or not such evidence
18       would be admissible at trial.  Moreover, as discussed above, one of the purposes
         behind the broad federal discovery rules is to facilitate settlement, and such financial
19       information is valuable in assisting both sides in making a realistic appraisal of the

20

21       [31]  *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281 (C.D. Cal. 1998).

22
         [32]  *Fausto v. Credigy Services Corp.*, — F.R.D. —, 2008 U.S. Dist. LEXIS 53108 at *9 (N.D.
23   Cal. June 13, 2008);  *Bradley Trust v. Zenith Capital*, 2005 U.S. Dist. LEXIS 35562 at *9 (N.D. Cal.
     May 3, 2005);  *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 U.S. Dist. LEXIS 8870,
24   *9 (E.D. Cal. January 29, 2007).

25       [33]  *Id.*

26
         [34]  *Federal Trade Commission v. Lundgren*, 1997 U.S. Dist. LEXIS 9557 (E.D. Cal. April
27   30, 1997)(rejecting a debt collector's claim of a "Right to Financial Privacy."  In granting sanctions,
     the Court indicated that the debt collector failed to explain how California Civil Code § 3295 would
28   apply to a federal action not based on diversity jurisdiction).

1    case, and may lead to settlement and avoid protracted litigation.[35]

2    The Court should compel Defendant to produce the requested documents.

3                            DOCUMENT REQUEST NO. 28

4    DOCUMENT REQUEST:

5        All    financial    statements    of    Defendant,    INTERNATIONAL    COLLECTION

6    CORPORATION, for the last three years.

7    RESPONSE TO DOCUMENT REQUEST:

8        Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to

9    date.

10   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

11   REQUEST NO. 28:

12       Please refer to the argument made above for compelling documents responsive to Document

13   Request No. 25.

14                           DOCUMENT REQUEST NO. 29

15   DOCUMENT REQUEST:

16       All annual reports of Defendant, INTERNATIONAL COLLECTION CORPORATION, for

17   the last three years.

18   RESPONSE TO DOCUMENT REQUEST:

19       Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to

20   date.

21   FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

22   REQUEST NO. 29:

23       Please refer to the argument made above for compelling documents responsive to Document

24   Request No. 25.

25   / / /

26   / / /

27

28       [35] *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998), *citing CEH, Inc. v. FV "Seafarer"*, 153 F.R.D. 491, 499 (D. R.I. 1994).

1

<div align="center">DOCUMENT REQUEST NO. 30</div>

2

DOCUMENT REQUEST:

3  All semiannual and quarterly financial statements of Defendant, INTERNATIONAL

4  COLLECTION CORPORATION, for the last three years.

5

RESPONSE TO DOCUMENT REQUEST:

6  Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to

7  date.

8  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

9  REQUEST NO. 30:

10  Please refer to the argument made above for compelling documents responsive to Document

11  Request No. 25.

12

<div align="center">DOCUMENT REQUEST NO. 31</div>

13

DOCUMENT REQUEST:

14  All credit applications of Defendant, INTERNATIONAL COLLECTION CORPORATION,

15  for the last three years.

16

RESPONSE TO DOCUMENT REQUEST:

17  Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to

18  date.

19  FACTUAL AND LEGAL REASONS FOR COMPELLING RESPONSE TO DOCUMENT

20  REQUEST NO. 31:

21  Please refer to the argument made above for compelling documents responsive to Document

22  Request No. 25.

23

<div align="center">DOCUMENT REQUEST NO. 32</div>

24

DOCUMENT REQUEST:

25  All tax returns of Defendant, INTERNATIONAL COLLECTION CORPORATION, for the

26  last three years.

27

RESPONSE TO DOCUMENT REQUEST:

28  Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to

1  date.  Tax Returns are privileged.

2  FACTUAL  AND  LEGAL  REASONS  FOR  COMPELLING  RESPONSE  TO  DOCUMENT

3  REQUEST NO. 32:

4   Please refer to the argument made above for compelling documents responsive to Document

5  Request No. 27.

6  <div align="center">DOCUMENT REQUEST NO. 33</div>

7  DOCUMENT REQUEST:

8   Any and all corporate formation documents related to any entity of which Defendant,

9  INTERNATIONAL COLLECTION CORPORATION, is affiliated.

10  RESPONSE TO DOCUMENT REQUEST:

11   Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to

12  date.  Articles of Incorporation are available from the Secretary of State.

13  FACTUAL  AND  LEGAL  REASONS  FOR  COMPELLING  RESPONSE  TO  DOCUMENT

14  REQUEST NO. 33:

15   Please refer to the argument made above for compelling documents responsive to Document

16  Request No. 25.

17  <div align="center">**IV.  CONCLUSION**</div>

18   For the reasons stated above, CRUZ requests that the Court enter and Order compelling ICC

19  to supplement its discovery responses and to produce the documents requested.

20

21       CONSUMER LAW CENTER, INC.

22

23  Dated:  August 13, 2008    By: /s/ Fred W. Schwinn

24           Fred W. Schwinn, Esq.
         Attorney for Plaintiff

25           HERMINIA LORENZO CRUZ

26

27

28

1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    HERMINIA LORENZO CRUZ
6

7

8               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                        SAN JOSE DIVISION

10  HERMINIA LORENZO CRUZ,                Case No.  C08-00991-JF-RS

11                          Plaintiff,    **DECLARATION OF FRED W.**
                                          **SCHWINN IN SUPPORT OF**
12  v.                                    **MOTION TO COMPEL WRITTEN**
                                          **DISCOVERY RESPONSES AND**
13  INTERNATIONAL COLLECTION              **PRODUCTION OF DOCUMENTS**
    CORPORATION, a California corporation,
14  and CHARLES D. HENDRICKSON,           [Fed. R. Civ. P. 37(a)]
    individually and in his official capacity,
15                                        Date:       September 17, 2008
                            Defendants.   Time:       9:00 a.m.
16                                        Judge:      Honorable Richard Seeborg
                                          Courtroom:  4, 5th Floor
17                                        Place:      280 South First Street
                                                      San Jose, California
18

19          I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the United States,

20  28 U.S.C. § 1746, that the following statements are true:

21          1.      I am an attorney at law duly licensed to practice before all the courts of the

22  State of California and am a shareholder in the law firm Consumer Law Center, Inc., attorneys of

23  record for Plaintiff, HERMINIA LORENZO CRUZ (hereinafter referred to as "Plaintiff").

24          2.      I have personal knowledge of the following facts, and if called as a witness,

25  I could and would competently testify thereto.

26          3.      On June 3, 2008, I caused to be served by first-class mail on

27  INTERNATIONAL COLLECTION CORPORATION (hereinafter "ICC"), <u>Plaintiff's First Set of</u>

28

                                        - 1 -
─────────────────────────────────────────────────────────
DECLARATION OF FRED W. SCHWINN                    Case No. C08-00991-JF-RS

1  Interrogatories Propounded to Defendant, International Collection Corporation (hereinafter

2  "Interrogatories").  A true and accurate copy of the Interrogatories are attached hereto, marked

3  Exhibit "1," and by this reference is incorporated herein.

4           4.    On June 20, 2006, I caused to be served by first-class mail on ICC, Plaintiff's

5  First Request for Production of Documents Propounded to Defendant, International Collection

6  Corporation (hereinafter "Document Requests"). A true and accurate copy of the Document

7  Requests are attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

8           5.    The Interrogatories and Document Request were designed to illicit, inter alia,

9  specific information from ICC in several areas, namely:  (1) ICC's evidence supporting its bona fide

10  error defense; (2) ICC's procedures for producing and mailing collection notices; (3) ICC's

11  compliance or noncompliance with the FDCPA; and (4) the frequency and persistence of

12  noncompliance, the nature of such noncompliance, the number of persons adversely affected, and

13  the extent to which E&A's noncompliance was intentional.

14           6.    On or about July 7, 2008, ICC served Responses to Interrogatories

15  (hereinafter "ICC's Interrogatory Responses").  A true and accurate copy of ICC's Interrogatory

16  Responses are attached hereto, marked Exhibit "3," and by this reference is incorporated herein.

17           7.    On or about July 7, 2008, ICC served Responses to Request for Production

18  of Documents  (hereinafter "ICC's Document Responses").  A true and accurate copy of ICC's

19  Document Responses are attached hereto, marked Exhibit "4," and by this reference is incorporated

20  herein.  No documents were produced by ICC with ICC's Document Responses.

21           8.    As of the date of this declaration, ICC has not supplemented its Interrogatory

22  Responses, Document Responses, and has not produced any documents in this case.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    Executed at San Jose, California on August 13, 2008.

2

3                                                    /s/ Fred W. Schwinn
                                                     Fred W. Schwinn (SBN 225575)
4                                                    CONSUMER LAW CENTER, INC.
                                                     12 South First Street, Suite 1014
5                                                    San Jose, California  95113-2418
                                                     Telephone Number: (408) 294-6100
6                                                    Facsimile Number: (408) 294-6190
                                                     Email Address:
7                                                    fred.schwinn@sjconsumerlaw.com
                                                     Attorney for Plaintiff
8                                                    HERMINIA LORENZO CRUZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

# Exhibit "1"

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   HERMINIA LORENZO CRUZ
6

7

8              **IN THE UNITED STATES DISTRICT COURT**
               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                      **SAN JOSE DIVISION**

10 HERMINIA LORENZO CRUZ,                    Case No.  C08-00991-JF-RS

11                     Plaintiff,

12 v.                                        **PLAINTIFF'S FIRST SET OF**
                                             **INTERROGATORIES PROPOUNDED**
13 INTERNATIONAL COLLECTION                  **TO DEFENDANT, INTERNATIONAL**
   CORPORATION, a California corporation,    **COLLECTION CORPORATION**
14 and CHARLES D. HENDRICKSON,
   individually and in his official capacity,
15
                       Defendants.
16

17 TO:    International Collection Corporation
          c/o Larry Rothman
18        Larry Rothman & Associates
          1 City Boulevard West, Suite 850
19        Orange, CA  92868

20        **COMES NOW** the Plaintiff and pursuant to Rule 33 of the Federal Rules of Civil Procedure

21 propounds the following interrogatories to Defendant, INTERNATIONAL COLLECTION

22 CORPORATION, to be answered fully and under oath within thirty (30) days of service hereof.

23                           **DEFINITIONS**

24 1.     **"PERSON"** means an individual, partnership, firm, corporation or governmental agency.

25 2.     **"YOU"** or **"YOUR"** means the party answering these Interrogatories and all persons acting

26        on behalf of such party, including but not limited to all past or present employees, agents,

27        servants, investigators, attorneys or other representatives.

28 3.     **"DOCUMENT"** shall include but not be limited to, all faxed, microfilmed, oral, recorded,

                                    -1-

taped, transcribed, typed, written, or by any other means recorded:

affidavits; agreements; appointment books; audio tapes; bills; books; brochures; business accounts; business records; calendars; charts; circulars; communiques; compilations; complaints; computer stored information; contracts; correspondence; data; day books; diagrams; dairies; documents; drafts; faxes; files; graphs; invoices; ledgers; letters; lists; mailing lists; medical records; memorabilia; memorandums; messages; microfiche; microfilms; minutes; missives; motion picturers; notes; notices; pamphlets; papers; personal accounts; personal files; personal records; photographs; proxies; receipts; recordings; records; releases; releases to press, public or other; reports, draft and final; schedules; sketches; statements; statistics; studies; summaries; tape recordings; telegrams; teletypes; transcripts; videotapes; worksheets; and any other same or similar item.

DOCUMENT shall further include all copies of any DOCUMENT requested, including drafts thereof, unless a copy or draft is identical in every respect to any other copy of such DOCUMENTS being produced.

4.   "IDENTIFY" when used in reference to a PERSON, means to state his/her full name, his/her present or last known address, his/her telephone number, his/her present or last known position in business affiliation, his/her title or position held, by whom he/she was employed at the time of each event, transaction or occurrence herein referred to.

5.   "IDENTIFY" when used in reference to a DOCUMENT, means to state the title or name of the DOCUMENT, the identity of the person or agency preparing it, the identity of the person who signed it or over whose name it was issued, the identity of each person to whom it was addressed or distributed, the nature or substance of the document with sufficient particularity to enable it to be identified, its date, and if it bears no date, the date when it was prepared, its physical location and the name of its custodian(s).

## INSTRUCTIONS

1.   The plural of any word shall include the singular form of that word and vice versa.

2.   The masculine form of a word shall include the feminine form of that word and vice versa.

3.   If the answer to any Interrogatory is "not applicable" or any similar phrase, explain why the Interrogatory is not applicable.

4.   If the answer to any Interrogatory is "unknown" or any similar phrase, explain in detail efforts you have made to obtain or discover the requested information.

5.   These interrogatories are continuing in nature and answers shall be promptly supplemented

-2-

1    by the said Defendant at such time in the future as the facts and information discovered

2    hereafter shall have been ascertained, and said supplemental answers shall be filed and

3    served upon counsel for Plaintiff reasonably after such discovery as required by law.

4    6.    Please sign the verification and mailing certificate attached to your Answers.

5    7.    Unless otherwise stated, the relevant time period is January 1, 2006, to the present.

6

7    Plaintiff    hereby    requests    that    Defendant,    INTERNATIONAL    COLLECTION

8    CORPORATION, respond to the following interrogatories:

9

10    **INTERROGATORY NO. 1:** Please **IDENTIFY** the individual verifying the responses to

11    these interrogatories by providing all of the following:

12        a)    full name;

13        b)    business address and phone number;

14        c)    the position held with Defendant;

15        d)    education and training;

16        e)    state how long you have been employed by Defendant;

17        f)    state how long you have held your current position with Defendant.

18

19    **INTERROGATORY NO. 2:** Please **IDENTIFY** and describe any **DOCUMENTS** used

20    to describe or record **YOUR** methods and techniques used in the collection of consumer accounts.

21    Said **DOCUMENTS** would include, but would not be limited to, collection activity logs.

22

23    **INTERROGATORY NO. 3:** Please list and explain all abbreviations and codes, letters,

24    numerals or symbols regularly used by **YOU** in **YOUR** records or collection activities.  **YOUR**

25    answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

26

27    **INTERROGATORY NO. 4:** Please describe in complete detail, step-by-step, the process

28    which resulted in Exhibits "1", "4", "5" "6," "7," "8," "11," and "12" being transmitted to Plaintiff,

-3-

beginning with the date and method of transmission of debtor information to **YOU**, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).   **YOUR** answer should include references to any and all **DOCUMENTS** which support your answer.

**INTERROGATORY NO. 5:**  Please state the name, title, address and job description of each director, partner, shareholder, employee, officer, director and manager of Defendant who authorized, approved or was aware of the collection letter sent to Plaintiff in the form represented by Exhibits "1", "4", "5" "6," "7," "8," "11," and "12." **YOUR** answer should include references to any and all **DOCUMENTS** which support your answer.

**INTERROGATORY NO. 6:**  Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).  **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

**INTERROGATORY NO. 7:**  Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A).  **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

**INTERROGATORY NO. 8:**  Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B).  **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

-4-

**INTERROGATORY NO. 9:**  Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5).  **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

**INTERROGATORY NO. 10:**  Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8).  **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

**INTERROGATORY NO. 11:**  Please describe in complete detail the maintenance of all procedures utilized by **YOU** to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).  **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

**INTERROGATORY NO. 12:**  Please **IDENTIFY** all **DOCUMENTS** which would show **YOUR** compliance or noncompliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8) and 1692f(1).

**INTERROGATORY NO. 13:**  Please **IDENTIFY** by caption, court, and civil action number, all litigation filed against **YOU** in the past 3 years alleging violations of the federal Fair Debt Collection practices Act, 15 U.S.C. § 1692 *et seq.*

**INTERROGATORY NO. 14:**  Please state in complete detail the facts upon which **YOU** rely for each affirmative defense listed in **YOUR** Answer.  **YOUR** answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

-5-

1    **INTERROGATORY NO. 15:** Please **IDENTIFY** each **PERSON** you expect to call as a

2   witness at trial in this matter, and state as to each such **PERSON**:

3        a)    name and address;

4        b)    the general subject matter on which such person is expected to testify;

5        c)    the substance of the facts or opinions to which such person is expected to testify;

6              and,

7        d)    a summary of the expected testimony.

8

9    **INTERROGATORY NO. 16:** Please **IDENTIFY** each **PERSON** who you believe has any

10  knowledge of any of the relevant or material facts in this matter and is not listed in the previous

11  interrogatory, and state as to each such person:

12       a)    name and address;

13       b)    the subject matter on which such person has knowledge

14       c)    the substance of the facts to which such person has such knowledge

15

16   **INTERROGATORY NO. 17:** Please itemize with particularity each exhibit **YOU** may use

17  or intend to use as an exhibit in this matter and specify the present custodian of each exhibit. Your

18  answer should include references to any and all **DOCUMENTS** which support **YOUR** answer.

19

20   **INTERROGATORY NO. 18:** If **YOUR** answer to any of Plaintiff's First Request for

21  Admissions served simultaneously herewith is other than an unqualified "Admit," please **EXPLAIN**

22  **FULLY** why you are unable to answer with an unqualified "Admit." **YOUR** answer should include

23  references to any and all **DOCUMENTS** which support **YOUR** answer.

24

25

26

27

28

FIRST SET OF INTERROGATORIES                                    Case No. C08-00991-JF-RS

1

CONSUMER LAW CENTER, INC.

2

3

By:_____

Fred W. Schwinn (SBN 225575)

4

12 South First Street, Suite 1014
San Jose, California 95113-2418

5

Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190

6

Email: fred.schwinn@sjconsumerlaw.com
Attorney for Plaintiff

7

8

## CERTIFICATE OF SERVICE

9

The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct

10

copy of the above and foregoing document to be deposited in the United States mail, postage

11

prepaid, addressed to the following:

12

Larry Rothman
Larry Rothman & Associates

13

1 City Boulevard West, Suite 850
Orange, CA 92868

14

Attorney for Defendants

15

on this, the 3rd day of June, 2008.

16

_____

17

Fred W. Schwinn

18

19

20

21

22

23

24

25

26

27

28

1                                        **VERIFICATION**

2    STATE OF _____)

                                    ) ss:

3    COUNTY OF _____)

4          The undersigned, of lawful age, and being first duly sworn upon oath, deposes and states as

5    follows:

6          That he/she has read foregoing answers to Plaintiff's First Set of Interrogatories Propounded

7    to International Collection Corporation, who is a Defendant in the foregoing entitled action and the

8    party to whom the interrogatories were propounded, and finds that each said answer is true, full and

9    correct to the best of his/her knowledge, belief and understanding; that he/she is a designated agent

10    of said International Collection Corporation, with the authority to sign on behalf of said International

11    Collection Corporation, that he/she has made answers to the foregoing Interrogatories and said

12    answers are true and correct.

13          Further affiant saith not

14                                 _____

16          SUBSCRIBED AND SWORN TO before me this ___ day of _____, 2008.

18                                 _____

                                    Notary Public

19    My Appointment Expires:

21    _____

FIRST SET OF INTERROGATORIES                          Case No. C08-00991-JF-RS

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that he caused a true and correct copy of the above and foregoing document to be deposited in the United States mail, postage prepaid, addressed to the following:

    Fred W. Schwinn
    Consumer Law Center, Inc.
    12 South First Street, Suite 1014
    San Jose, CA  95113-2418
        Attorney for Plaintiff


on this, the _____ day of_____, 2008.


_____

FIRST SET OF INTERROGATORIES                                    Case No. C08-00991-JF-RS

# Exhibit "2"

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   HERMINIA LORENZO CRUZ

6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION

10  HERMINIA LORENZO CRUZ,              Case No.  C08-00991-JF-RS

11                  Plaintiff,

12  v.                                  **PLAINTIFF'S FIRST REQUEST FOR
                                        PRODUCTION OF DOCUMENTS
13  INTERNATIONAL COLLECTION            PROPOUNDED TO DEFENDANT,
    CORPORATION, a California corporation,  INTERNATIONAL COLLECTION
14  and CHARLES D. HENDRICKSON,         CORPORATION**
    individually and in his official capacity,
15
                    Defendants.
16

17  TO:    International Collection Corporation
           c/o Larry Rothman
18         Larry Rothman & Associates
           1 City Boulevard West, Suite 850
19         Orange, CA  92868

20         **COMES NOW** the Plaintiff and pursuant to Rule 34 of the Federal Rules of Civil Procedure

21  requests that Defendant, INTERNATIONAL COLLECTION CORPORATION, allow Plaintiff to

22  inspect and copy the following documents.  Said production to be made at the law offices of the

23  Consumer Law Center, Inc., 12 South First Street, Suite 1014, San Jose, California  95113-2418,

24  within thirty (30) days of the service of this request.  In the alternative, copies of these documents

25  may be forwarded to Plaintiff's counsel prior to the expiration of this time period.

26         For purposes only of this request for production, the following term, when used in this

27  request, shall mean:

28         **DOCUMENT(S):** Including but not limited to, all faxed, microfilmed, oral, recorded, taped,

                                   -1-
FIRST SET OF DOCUMENT PRODUCTION REQUESTS              Case No. C08-00991-JF-RS

transcribed, typed, written, or by any other means recorded: affidavits: agreements; appointment books; bills; books; brochures; business accounts; business records; calendars; charts; circulars; communique; compilations; complaints; computer stored information; contracts; correspondence; data; day books; diagrams; diaries; documents; drafts; faxes; files; graphs; invoices; ledgers; letters; lists; mailing lists; medical records; memorabilia; memorandums; messages; microfiche; microfilms; minutes; missives; motion pictures; motes; notices; pamphlets; papers; personal accounts; personal files; personal records; photographs; proxies; receipts; recordings; records; releases; releases to press, public or other; reports, draft and final; schedules; sketches; statements; statistics; studies; summaries; tape recordings; telegrams; teletypes; transcripts; videotapes; worksheets; and any other same or similar item. Document shall further include all copies of any document requested, including drafts thereof, unless a copy or draft is identical in every respect to any other copy of such documents being produced.

This request is intended to cover all documents in possession of Defendant, or subject to its custody and control, regardless of location. This request shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.

Unless otherwise stated, the relevant time period is January 1, 2007, to the present.

Plaintiff hereby requests that Defendant, INTERNATIONAL COLLECTION CORPORATION, produce and permit Plaintiff to inspect and copy each of the following:

1.    All **DOCUMENTS** on which you relied in anyway in preparing answers to Plaintiff's interrogatories served simultaneously herewith.

2.    All **DOCUMENTS** which you specially mention in any answer to Plaintiff's interrogatories served simultaneously herewith.

3.    All **DOCUMENTS** which were specifically mentioned or requested in the text of any of Plaintiff's interrogatories served simultaneously herewith.

4.    All **DOCUMENTS** which you intend to utilize at a trial or hearing in this matter.

5.    All **DOCUMENTS** identified or listed in **YOUR** Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this case.

6.    All **DOCUMENTS** relating in any way to the alleged debt of Plaintiff and the collection thereof.

7.    An organizational chart for Defendant, INTERNATIONAL COLLECTION

FIRST SET OF DOCUMENT PRODUCTION REQUESTS                    Case No. C08-00991-JF-RS

CORPORATION.

8.   All contracts, agreements, or other **DOCUMENTS** between Defendant, INTERNATIONAL COLLECTION CORPORATION, and Harrah's Casino, regarding Plaintiff and collection of her debt.

9.   Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

10.  Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A).

11.  Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B).

12.  Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5).

13.  Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8).

14.  Copies of the Complaint for any litigation filed against Defendant, INTERNATIONAL COLLECTION CORPORATION, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1).

15.  Any insurance policies covering Defendant, INTERNATIONAL COLLECTION CORPORATION, for violation of the federal Fair Debt Collection Practices Act.

16.  All **DOCUMENTS** in Defendant, INTERNATIONAL COLLECTION CORPORATION's, possession sent to or received from Harrah's Casino, which in any way relate to the debt owed by Plaintiff.

17.  All **DOCUMENTS** in Defendant, INTERNATIONAL COLLECTION CORPORATION's,

-3-

possession sent to or received from Franklin J. Love, which in any way relate to the debt owed by Plaintiff.

18. All **DOCUMENTS** in Defendant, INTERNATIONAL COLLECTION CORPORATION's, possession sent to or received from Plaintiff which in any way relate to the debt owed by Plaintiff.

19. All operation manuals or similar **DOCUMENTS**, etc., utilized by Defendant, INTERNATIONAL COLLECTION CORPORATION, relating to its compliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

20. All **DOCUMENTS** relating to the maintenance of procedures by Defendant, INTERNATIONAL COLLECTION CORPORATION, adapted to avoid any violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

21. All material, including video and audio tapes, pertaining to training by or for Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., and its employees regarding the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

22. A copy of the entire contents of the collection file maintained by Defendant, INTERNATIONAL COLLECTION CORPORATION, pertaining to the collection of the debt owed by Plaintiff to Harrah's Casino.

23. The transcript for each and every deposition of Defendant, INTERNATIONAL COLLECTION CORPORATION, in which a witness produced pursuant to Fed. R. Civ. P. 30(b)(6), Cal. Code of Civil Pro. 2025.230, or any other similar statute or rule, testified regarding any bona fide error defense claimed by Defendant, INTERNATIONAL COLLECTION CORPORATION, for claims made under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

24. The transcript for each and every deposition in which CHARLES D. HENDRICKSON was deposed as an agent, employee, officer or director of Defendant, INTERNATIONAL COLLECTION CORPORATION.

25. A current balance sheet for Defendant, INTERNATIONAL COLLECTION CORPORATION.

-4-

26. All financial documents from lawsuits in which Defendant, INTERNATIONAL COLLECTION CORPORATION, has provided financial documents or net worth information.

27. All documents regarding Defendant, INTERNATIONAL COLLECTION CORPORATION, showing its net worth that have been provided to any government agency.

28. All financial statements of Defendant, INTERNATIONAL COLLECTION CORPORATION, for the last three years.

29. All annual reports of Defendant, INTERNATIONAL COLLECTION CORPORATION, for the last three years.

30. All semiannual and quarterly financial statements of Defendant, INTERNATIONAL COLLECTION CORPORATION, for that last three years.

31. All credit applications of Defendant, INTERNATIONAL COLLECTION CORPORATION, for the last three years.

32. All tax returns of Defendant, INTERNATIONAL COLLECTION CORPORATION, for the last three years.

33. Any and all corporate formation documents related to any entity of which Defendant, INTERNATIONAL COLLECTION CORPORATION, is affiliated.

CONSUMER LAW CENTER, INC.

By: _____
            Fred W. Schwinn (SBN 225575)
            12 South First Street, Suite 1014
            San Jose, California  95113-2418
            Telephone Number: (408) 294-6100
            Facsimile Number: (408) 294-6190
            Email: fred.schwinn@sjconsumerlaw.com
            Attorney for Plaintiff

-5-

1

## CERTIFICATE OF SERVICE

2   The undersigned, Fred W. Schwinn, does hereby certify that he caused a true and correct

3   copy of the above and foregoing document to be deposited in the United States mail, postage

4   prepaid, addressed to the following:

5       Larry Rothman
        Larry Rothman & Associates
6       1 City Boulevard West, Suite 850
        Orange, CA  92868
7               Attorney for Defendants

8   on this, the 3rd day of June, 2008.

9
                                    _____
                                    Fred W. Schwinn
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST SET OF DOCUMENT PRODUCTION REQUESTS                Case No. C08-00991-JF-RS

# Exhibit "3"



1  LARRY ROTHMAN & ASSOCIATES
2  LARRY ROTHMAN – State Bar No. 72451
   City Plaza
3  1 City Boulevard West, Suite 850
4  Orange, California 92868
   (714)  363 0220  Telephone
5  (714)  363 0229  Facsimile
6  tocollect@aol.com  E-Mail

7

8  Attorneys for the Defendants:
   INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
9  HENDRICKSON

10

11

12

13

14                     **UNITED STATES DISTRICT COURT**

15         **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

16

17  HERMINIA LORENZO CRUZ              Case No: C08 00991 JF(rx)

18           Plaintiff,               RESPONSES TO
                                      INTERROGATORIES
19      vs.

20  INTERNATIONAL COLLECTION
    CORPORATION, a California corporation,
21  CHARLES D. HENDRICKSON,
    individually and in his official capacity,
22

23           Defendants.

24

25

26

27
                                    **1**
28

RESPONSES TO INTERROGATORIES              Case No: C08 00991 JF(rx)

PROPOUNDING PARTY:   HERMINIA LORENZO CRUZ

RESPONDING PARTY:    INTERNATIONAL COLLECTION

CORPORATION

SET NO. 1

COMES NOW the Defendants, INTERNATIONAL COLLECTION

CORPORATION which answers the Interrogatories as follows:


1.    a)   Charles Hendrickson

       b)   1930 Wilshire Boulevard, Suite  908, Los Angeles, Ca.

   c)      President

   d)      None

   e)      22 ½ yrs

   f)      22 ½ yrs.


2       Collection computer notes

3       Objection, lack of relevance, overbroad, burdensome and oppressive.

4       letters are sent in accordance with when they are dated.

5       Only Charles's Hendrickson

6       I verify the accuracy of all documents that are sent out.

---

**2**

7     I verify the accuracy of all documents that are sent out.

8     I verify the accuracy of all documents that are sent out.

9     I verify the accuracy of all documents that are sent out.

10     I verify the accuracy of all documents that are sent out.

11     I verify the accuracy of all documents that are sent out.

12     Documents in your possession

13     Objection since these cases are of public record.  Without waiving

Any objection, the Bretana v International Collection Corporation the Plaintiff's

counsel filed.

14     This named Defendant has not completed discovery yet.  Defendant

believes that there is no violation of the FDCA.   Plaintiff bounced a check which

Should be an offset for any liability.


15     This named Defendant has not completed discovery yet.  I will call

Plaintiff and I will testify.  No experts have been retained yet.


16     N/A.


17     We will be using Plaintiff's Exhibits.

---

3

RESPONSES TO INTERROGATORIES              Case No: C08 00991 JF(rx)

18    On all denials for the Requests for Admission, they are based upon my knowledge that the items are not true as well as my lack of knowledge of whether the admissions are true and false.,

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:    July 7, 2008

_____

LARRY ROTHMAN,
Attorney for Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D. HENDRICKSON

4

RESPONSES TO INTERROGATORIES            Case No: C08 00991 JF(rx)

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On July 7, 2008, I served the foregoing document described as:

RESPONSES TO REQUESTS FOR ADMISSIONS
on the parties listed below in this action by placing a true copy thereof or the

originals in a sealed envelope sent first class mail and addressed as follows:

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

I declare that I am employed in the office of a member of the bar of this

court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States

that the above is true and correct.

Executed on July 7, 2008, at Orange, California, California.

LARRY ROTHMAN

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On July 7, 2008, I served the foregoing document described as:

RESPONSES TO INTERROGATORIES
   on the parties listed below in this action by placing a true copy thereof or the

originals in a sealed envelope sent first class mail and addressed as follows:

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 7, 2008, at Orange, California, California.

_____
     LARRY ROTHMAN

## VERIFICATION

I have read the foregoing RESPONSES TO INTERROGATORIES and know of its contents.

I am the President of the Defendant.   The matters stated in the foregoing document are true of my own knowledge except as to those matters, which are stated; on information and belief and as to those matters I believe them to be true.

Executed in Los Angeles, California

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

CHUCK HENDRICKSON,
DECLARANT

# Exhibit "4"

LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – State Bar No. 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714) 363 0220 Telephone
(714) 363 0229 Facsimile
tocollect@aol.com E-Mail


Attorneys for the Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
HENDRICKSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| HERMINIA LORENZO CRUZ<br><br>        Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL COLLECTION<br>CORPORATION, a California corporation,<br>CHARLES D. HENDRICKSON,<br>individually and in his official capacity,<br><br>        Defendants. | Case No: C08 00991 JF(rx)<br><br>RESPONSES TO<br>REQUESTS FOR DOCUMENT<br>PRODUCTION |

1

PROPOUNDING PARTY:   HERMINIA LORENZO CRUZ

RESPONDING PARTY:    INTERNATIONAL COLLECTION

CORPORATION

SET NO. 1

 COMES NOW the Defendants, INTERNATIONAL COLLECTION

CORPORATION which answers the Requests for Document Production as

follows:


1. Documents attached to the Complaint

2 Documents attached to the Complaint

3 Documents attached to the Complaint

4 Documents attached to the Complaint and other documents that I

 will obtain by discovery.

5 Documents attached to the Complaint

6 Documents attached to the Complaint

7 No documents

8 Objection, lack of relevancy, burdensome and oppressive.

9 Objection, lack of relevancy, burdensome and oppressive, public

records.

---

<center>2</center>

RESPONSES TO REQUESTS FOR DOCUMENT    Case No: C08 00991 JF(rx)
PRODUCTION

10    Objection, lack of relevancy, burdensome and oppressive

11    Objection, lack of relevancy, burdensome and oppressive, public records.

12    Objection, lack of relevancy, burdensome and oppressive, public records.

13    Objection, lack of relevancy, burdensome and oppressive, public records.

14    Objection, lack of relevancy, burdensome and oppressive, public records.

15.    None exists.

16    Attached to the Compliant are what I have to date.

17    Objection – attorney client privilege

18    Attached to the Complaint

19    Not applicable

20    Objection, lack of relevancy, burdensome and oppressive.

21.    I do not have these.

22    Objection – as of attorney client privilege.  Documents are attached to the complaint.

23.    None

3

RESPONSES TO REQUESTS FOR DOCUMENT    Case No: C08 00991 JF(rx)
PRODUCTION

24.    None

25.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.

26.    None

27.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.   Tax Returns are privileged.

28.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.

29.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.

30.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.

31.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.

32.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.   Tax Returns are privileged.

4

RESPONSES TO REQUESTS FOR DOCUMENT    Case No: C08 00991 JF(rx)
PRODUCTION

33.    Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date.   Articles of Incorporation are available from the Secretary of State.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:    July 7, 2008

LARRY ROTHMAN,
Attorney for Defendants:
INTERNATIONAL COLLECTION CORPORATION, CHARLES D.
HENDRICKSON

5

RESPONSES TO REQUESTS FOR DOCUMENT     Case No: C08 00991 JF(rx)
PRODUCTION

## PROOF OF SERVICE

State of California, County of Orange:

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action; my business address is: 1 City Boulevard West, Suite 850, Orange, California 92868

On July 7, 2008, I served the foregoing document described as:

RESPONSES TO REQUESTS FOR THE PRODUCTION OF DOCUMENTS
   on the parties listed below in this action by placing a true copy thereof or the

originals in a sealed envelope sent first class mail and addressed as follows:

Fred W. Schwinn, Esq.
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 7, 2008, at Orange, California, California.

LARRY ROTHMAN

VERIFICATION

I have read the foregoing RESPONSE TO REQUESTS FOR
PRODUCTION OF DOCUMENTS and know of its contents.

I am the President of the Defendant. The matters stated in the
foregoing document are true of my own knowledge except as to those
matters, which are stated; on information and belief and as to those matters
I believe them to be true.

Executed in Los Angeles, California.


I declare under penalty of perjury under the laws of the United States that
the foregoing is true and correct.

CHUCK HENDRICKSON,
DECLARANT

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   HERMINIA LORENZO CRUZ
6

7

8            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                   SAN JOSE DIVISION

10 HERMINIA LORENZO CRUZ,                    Case No.  C08-00991-JF-RS

11                        Plaintiff,         **DECLARATION OF RAEON R.**
                                             **ROULSTON IN SUPPORT OF**
12 v.                                        **MOTION TO COMPEL WRITTEN**
                                             **DISCOVERY RESPONSES AND**
13 INTERNATIONAL COLLECTION                  **PRODUCTION OF DOCUMENTS**
   CORPORATION, a California corporation,
14 and CHARLES D. HENDRICKSON,               [Fed. R. Civ. P. 37(a)]
   individually and in his official capacity,
15                                           Date:        September 17, 2008
                         Defendants.         Time:        9:00 a.m.
16                                           Judge:       Honorable Richard Seeborg
                                             Courtroom:   4, 5th Floor
17                                           Place:       280 South First Street
                                                          San Jose, California
18

19         I, Raeon R. Roulston, declare under penalty of perjury, under the laws of the United States,

20 28 U.S.C. § 1746, that the following statements are true:

21         1.    I am an attorney at law duly licensed to practice before all the courts of the

22 State of California and am an employee of the law firm Consumer Law Center, Inc., attorneys of

23 record for Plaintiff, HERMINIA LORENZO CRUZ (hereinafter referred to as "Plaintiff").

24         2.    I have personal knowledge of the following facts, and if called as a witness,

25 I could and would competently testify thereto.

26         3.    On July 17, 2008, I sent a meet and confer letter, pursuant to Fed. R. Civ. P.

27 37(a)(2) and Civil L.R. 37-1(a), to INTERNATIONAL COLLECTION CORPORATION's

28

                                         - 1 -
DECLARATION OF RAEON R. ROULSTON                          Case No. C08-00991-JF-RS

1    (hereinafter "ICC") counsel in which I provided authority for Plaintiff's position that ICC's

2    discovery objections were without merit and that ICC "must either abandon [the bona fide error]

3    defense or disclose the evidence that will be used to support this affirmative defense."  A true and

4    accurate copy of my July 17, 2008, letter to ICC's counsel is attached hereto, marked Exhibit "5,"

5    and by this reference is incorporated herein.

6            4.    As of the date of this declaration, ICC has not responded to the meet and

7    confer letter, and has not supplemented its Interrogatory Responses,  Document Responses and has

8    not produced <u>any</u> documents in this case.

9            Executed at San Jose, California on August 13, 2008.

10

11            /s/ Raeon R. Roulston
        Raeon R. Roulston (SBN 255622)

12            CONSUMER LAW CENTER, INC.
        12 South First Street, Suite 1014

13            San Jose, California  95113-2418
        Telephone Number: (408) 294-6100

14            Facsimile Number: (408) 294-6190
        Email Address:

15            raeon.roulston@sjconsumerlaw.com
        Attorney for Plaintiff

16            HERMINIA LORENZO CRUZ

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RAEON R. ROULSTON        Case No. C08-00991-JF-RS

# Exhibit "5"

**CONSUMER LAW CENTER, INC.**

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com
Raeon R. Roulston
raeon.roulston@sjconsumerlaw.com

12 South First Street, Suite 1014
San Jose, CA  95113-2418

(408) 294-6100
Fax (408) 294-6190
www.sjconsumerlaw.com

Via Fax to: 714-363-0229

July 17, 2008

Larry Rothman
Larry Rothman & Associates
1 City Boulevard West, Suite 850
Orange, CA  92868

Re:    Cruz v. International Collection Corporation, *et al.*
       Case No. C08-00991-JF-RS

Dear Mr. Rothman:

We are in receipt of ICC's responses to our client's Interrogatories and Request for Production of Documents that were served on our office July 7, 2008. I have reviewed the responses and determined that they are incomplete and contain objections that are without merit. Please consider this a meet-and-confer letter pursuant to Fed. R. Civ. P. 37(a)(2)(B) and 37(d) and Civil L.R. 37-1(a) for the purpose of determining whether we are able to informally resolve these differences and preclude the need to seek Court's assistance. If you do not agree in writing to provide further responses as requested herein, Plaintiff will be forced to proceed with a motion pursuant to Federal Rules of Civil Procedure.

At this point, your client's boilerplate objections and incomplete responses make it impossible even to identify any documents for which Defendant claims these privileges.

**Authorities Concerning Scope of Discovery**

"Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows: (1) *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of person having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[1] At this point in time, there has been no

---

[1]  Fed. R. Civ. P. 26(b) (emphasis in original).

court order to modify this general rule pertaining to the scope of discovery.

"The 'relevance to the subject matter' and 'reasonably calculated to lead to discovery of admissible evidence' standards are applied *liberally*.[2] Any doubt is generally resolved in favor of *permitting* discovery, particularly where the precise issues in the case are not yet clearly established.

"In the context of discovery, evidence is 'relevant' if it might reasonably assist a party in evaluating its case, preparing for trial, or facilitating a settlement. Admissibility is *not* the test, and it is sufficient if the information sought might reasonably lead to other, admissible evidence."[3]

"Relevance must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action. 'Relevant information includes any matter that is or may become an issue in the case.' 'The concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment.'"[4]

## Miscellaneous Objections

In an effort to conserve space and time, and since Defendant has for the most part used cut-and-paste objections, we are responding to the most frequently used objections only once. This is further necessary since it is impossible to tell how the multiple objections apply to the questions asked. This discussion will apply to all uses of the noted objection except where specifically augmented with additional data.

**Attorney-Client Privilege:** The purpose of this privilege is to protect communications for which the dominant purpose is to facilitate "full and frank disclosure by the client to his attorney"[5] The operative concept in claiming this privilege is that a "communication" occurred between lawyer and client in anticipation of or in the course of litigation. Information independently known to a client does not become privileged merely by communicating it to the attorney. Asking for "hard" information such as dates, names or addresses falls well outside any protection the legislature

---

[2] *See Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 196, 199 (N.D.W. Va. 2000).

[3] *See Glover. South Carolina Law Enforcement Division*, 170 F.3d 411 (4th Cir. 1999), *cert dism'd*, 528 U.S. 1146 (2000).

[4] *EEOC v. Electro-Term,* 167 F.R.D. 344, 346 (D. Mass. 1996) (internal citations omitted).

[5] Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) 11:656 (*citing, Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

intended for this privilege. "This circuit has held that a privilege log is sufficient to properly assert the privilege, without explicitly holding that it is necessary to meet those requirements. . . . However, in articulating this holding, the court did not authorize general boilerplate objections as a proper method of asserting the privilege; indeed, it named a variety of methods such as in camera review and redactions of privileged material, all of which involve conveying some information about the content of the allegedly privileged material, which a boilerplate objection does not do."[6]

**Overbroad:** Only valid if the breadth of the discovery is burdensome and oppressive.[7] All of the questions propounded are specific and deal with a very narrow subject matter. Courts will consider discovery overbroad and burdensome only if it results in "extreme hardship and confusion."[8] Furthermore, "the responding party should answer whatever part of the question is proper, object to the balance and provide some *meaningful explanation* of the basis for the objection."[9]

**Burdensome:** Where a discovery request is objected to as unduly burdensome, the objecting party should be prepared to submit affidavits or other evidence revealing the nature of the burden, to defeat a motion to compel.[10] Merely stating, without more, that a request is burdensome does not make it so, nor does it give a defendant the right to ignore said request.

**Right to Amend Answers:** Defendant states that the responses given were based only upon information presently known. Fed. R. Civ. P. 26(e)(2) imposes an obligation on the responding party to amend a prior response "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[11] This requirement applies

---

[6] *Burlington Northern & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) (*citing Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989)).

[7] *Wing v. Challenge Machinery Co.*, 23 F.R.D. 669, 673 (S.D. Ill. 1959).

[8] *See U.S. v. Renault*, 27 F.R.D. 23, 27 (S.D.N.Y. 1960).

[9] Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) 11:1734 (*citing, Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 458 (D. D.C. 2002) (emphasis in original).

[10] *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 688-89 (D. KS 2004) (party resisting discovery has burden to support its objections); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin'l Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2001) (objections must explain how request or interrogatory is overbroad or unduly burdensome).

[11] Fed. R. Civ. P. 26(e)(2).

even in the absence of a court order,[12] and the sanction of the exclusion of any evidence not so disclosed is available even in the absence of such an order.[13] Finally, the burden of showing substantial justification for failing to make such amendments is on the responding party.[14]

## Plaintiff's Interrogatories

1.  Interrogatory number 2 requests that you identify and describe any documents used to describe or record your methods and techniques used in the collection of consumer accounts. Said documents would include, but would not be limited to, collection activity logs. Your response was: "Collection computer notes"

    This interrogatory is intended to discover collection logs for the Plaintiff's account, and other similar materials. The materials sought are relevant in determining whether Defendants can show that alleged violations of the FDCPA were a result of a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"[15] Defendants raised an affirmative defense of bona fide error in Defendants' Answer. Defendants have the burden of proof and the burden of production as to this affirmative defense.[16] Therefore, Defendants must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense.

2.  Interrogatory number 3 seeks a list of the codes and abbreviations used by the Defendants in their collection records. Defendant objected that the Interrogatory was overbroad, irrelevant, burdensome and oppressive.

    Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. Interrogatory number 2 seeks collection logs relevant to proving or disproving the bona fide error defense, but the discovery of the collection logs is rendered meaningless without the codes and abbreviations to decipher them. Therefore, Defendants must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense. As discussed above, objecting on the basis that a request is overbroad or burdensome, without any other response, is improper.

---

[12] Fed. R. Civ. P. 26(e)

[13] Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) 11:1258 (*citing*, Fed. R. Civ. P. 37(c)(1)).

[14] *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 578 (D. N.J. 1997).

[15] 15 U.S.C. § 1692k(c).

[16] *Fox v. Citicorp Cred. Svcs.*, 15 F.3d 1507 (9th Cir. 1994).

3.    Interrogatory number 4 requests Defendants to describe in complete detail, step-by-step, the process which resulted in Exhibits "1", "4", "5" "6," "7," "8," "11," and "12" being transmitted to Plaintiff, beginning with the date and method of transmission of debtor information to Defendants, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom). The answer was to include references to any and all documents which supported the answer. Defendant merely responded that the "letters are sent in accordance with when they are dated."

This interrogatory seeks information of the type requested in Interrogatory number 3; the procedures maintained by Defendants to avoid violating the FDCPA. Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. This interrogatory is even more directly on point than Interrogatory number 3. Defendant's response failed to answer any part of the detailed request posed. Therefore, Defendant must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense.

4.    Interrogatories number 6 through 11 request Defendant to describe in complete detail the maintenance of all procedures utilized by Defendant to avoid violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8) and 1692f(1) respectively. Defendant responded identically to all: "I verify the accuracy of all documents that are sent out."

This interrogatory seeks information regarding the effectiveness of the procedures maintained by Defendants in order to avoid noncompliance with the relevant statutes. If it appears that noncompliance occurs despite the procedures that Defendants maintain, then clearly such procedures are not "reasonably adapted" to avoid such noncompliance and Defendants would be unable to meet their burden under the bona fide error defense. To this end, this interrogatory seeks information pertaining to documents on the subject of whether the procedures maintained by Defendants are resulting in compliance or noncompliance. Defendants' response is so devoid of information as to be no response at all. If Defendants do not intend to abandon the bona fide error defense, Defendant should produce a concrete and detailed response to this interrogatory.

5.    Interrogatory number 12 requests that Defendants identify all documents which would show Defendants' compliance or noncompliance with the federal fair debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8) and 1692f(1) . Defendants' response was "Documents in your possession."

This interrogatory seeks information regarding the effectiveness of the procedures

maintained by Defendants in order to avoid noncompliance with the relevant statutes. If it appears that noncompliance occurs despite the procedures that Defendants maintain, then clearly such procedures are not "reasonably adapted" to avoid such noncompliance and Defendants would be unable to meet their burden under the bona fide error defense. To this end, this interrogatory seeks information pertaining to documents on the subject of whether the procedures maintained by Defendants are resulting in compliance or noncompliance. If Defendant does not intend to abandon the bona fide error defense, Defendant should produce a concrete and detailed response to this interrogatory. Moreover, a party may not refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party.[17] Plaintiff is also unaware of what documents in Plaintiff's possession could possibly show Defendants' compliance with the FDCPA. While Plaintiff could conceivably make a painstaking search to obtain the information, Defendant is in the best position to provide this information. The requested information is relevant and non-privileged, therefore Defendant has no grounds to deny Plaintiff's request.

### Plaintiff's Requests for Production of Documents.

6.    Document Request number 8 seeks all contracts, agreements, or other documents between Defendant, ICC, and Harrah's Casino, regarding Plaintiff and collection of her debt. Defendant objected that the request was overbroad, irrelevant, burdensome and oppressive.

Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. This request seeks information the manner in which Plaintiffs set about collecting the debt, which would tend to prove or disprove any assertion of bona fide error. Therefore, Defendants must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense. As discussed above, objecting on the basis that a request is overbroad or burdensome, without any other response, is improper.

7.    Document Requests number 9 through 14 seek copies of the Complaint for any litigation filed against Defendant, ICC, in the past 3 years alleging violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c), 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8) and 1692f(1), respectively. Defendant objected that the request was irrelevant, burdensome and oppressive, and that the documents sought were public records.

Defendant's response implies that since Defendant asserts that the requested documents are "public records," Plaintiff should obtain them without the help of Defendant. However, a party may not refuse to respond to a discovery request on the ground that the requested information is in the possession of the requesting party.[18] Nor may a party object that

---

[17] *See Davidson v Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).

[18] *See Davidson v Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).

information is more readily available to the requesting party.[19] Taken together, it is clear that Defendant's objection to this request is improper. While Plaintiff could conceivably make a painstaking search to obtain the information, Defendant is in the best position to provide information on cases that Defendant has defended. The requested information is relevant and non-privileged, therefore Defendant has no grounds to deny Plaintiff's request. Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. These requests seek information the manner in which Plaintiffs set about collecting the debt, which would tend to prove or disprove any assertion of bona fide error. Therefore, Defendants must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense. As discussed above, objecting on the basis that a request is overbroad or burdensome, without any other response, is improper.

8.    Document Request number 17 seeks all documents in ICC's possession sent to or received from Franklin J. Love, which in any way relate to the debt owed by Plaintiff. Defendant objected on the basis of attorney client privilege.

As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log. Moreover, if only some of the information requested is subject to the attorney-client privilege, Defendant should respond fully to the extent the information is not privileged and then object to the remainder, instead of issuing a blanket objection.

9.    Document Request number 19 seeks all operation manuals or similar documents, etc., utilized by ICC relating to its compliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Defendant's response was, "Not applicable."

This response is completely non-responsive to the request. Plaintiff is unaware how and by what means Defendant could have determined that the operations manuals relating to its compliance with the FDCPA are "not applicable". Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. The manuals sought are relevant in determining whether Defendants can show that alleged violations of the FDCPA were a result of a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"[20] If there are no manuals, Defendant must so state. If manuals exist, then Defendant must produce them or abandon its bona fide error affirmative defense.

10.    Document Request number 20 seeks all documents relating to the maintenance of procedures by ICC adapted to avoid any violation of the federal Fair Debt Collection Practices Act, 15

---

[19] *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004).

[20] 15 U.S.C. § 1692k(c).

U.S.C. § 1692 *et seq.* Defendant objected that the request was irrelevant, burdensome and oppressive.

Defendants have raised the bona fide error defense in their Answer, and Defendants have the burden of proof and the burden of production as to this defense. The materials sought are relevant in determining whether Defendants can show that alleged violations of the FDCPA were a result of a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"[21] Therefore, Defendants must either abandon this affirmative defense or disclose the evidence that will be used to support this affirmative defense. As discussed above, objecting on the basis that a request is overbroad or burdensome, without any other response, is improper.

11.    Document Request number 21 seeks all material, including video and audio tapes, pertaining to training by or for Defendant, NATIONAL ENTERPRISE SYSTEMS, INC. [sic], and its employees regarding the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Defendant's response was, "I do not have these."

It is apparent that Request number 21 had a typographical error and referred to a non-party when it was intended to refer to Defendant, ICC. With the clarification that this request, like request number 20, seeks material pertaining to the compliance materials of Defendant, ICC, Plaintiff requests that Defendant produce materials responsive to this request.

12.    Document Request number 22 seeks a copy of the entire contents of the collection file maintained by ICC, pertaining to the collection of the debt owed by Plaintiff to Harrah's Casino. Defendant objected, citing attorney-client privilege.

As discussed above, any claim of attorney-client privilege should be accompanied by a privilege log.

13.    Document Request number 25 seeks a current balance sheet for ICC. Defendant's response was, "Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date."

As discussed above, it is not for Defendant to determine what is not "applicable." Moreover, objecting on the basis that a request is irrelevant, without any other response, is improper. As to Defendant's assertion that Plaintiff has not met the "burden" for punitive damages to date, Plaintiff has no such burden to meet during the discovery process. The requested information is relevant and non-privileged, and Defendant is in the best position to provide this information, therefore Defendant has no grounds to deny Plaintiff's request.

---

[21]  15 U.S.C. § 1692k(c).

14.    Document Request number 27 seeks all documents regarding ICC, showing its net worth that have been provided to any government agency. Defendant's response was, "Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date. Tax Returns are privileged."

As discussed above, it is not for Defendant to determine what is not "applicable." Moreover, objecting on the basis that a request is irrelevant, without any other response, is improper. As to Defendant's assertion that Plaintiff has not met the "burden" for punitive damages to date, Plaintiff has no such burden to meet during the discovery process. The requested information is relevant and non-privileged, and Defendant is in the best position to provide this information, therefore Defendant has no grounds to deny Plaintiff's request. Furthermore, a debt collector's tax returns are not privileged in a FDCPA proceeding with potential class implications[22], and as noted above, all claims of privilege must be accompanied by a privilege log.

15.    Document Requests numbers 28 through 31 seek all financial statements, annual reports, semiannual and quarterly financial statements, and credit applications, respectively of ICC, for the last three years. Defendant's response was "Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date."

As discussed above, it is not for Defendant to determine what is not "applicable." Moreover, objecting on the basis that a request is irrelevant, without any other response, is improper. As to Defendant's assertion that Plaintiff has not met the "burden" for punitive damages to date, Plaintiff has no such burden to meet during the discovery process. The requested information is relevant and non-privileged, and Defendant is in the best position to provide this information, therefore Defendant has no grounds to deny Plaintiff's request.

16.    Document Request number 32 seeks all tax returns of ICC for the last three years. Defendant's response was, "Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date. Tax Returns are privileged."

As discussed above, it is not for Defendant to determine what is not "applicable." Moreover, objecting on the basis that a request is irrelevant, without any other response, is improper. As to Defendant's assertion that Plaintiff has not met the "burden" for punitive damages to date, Plaintiff has no such burden to meet during the discovery process. The requested information is relevant and non-privileged, and Defendant is in the best position to provide this information, therefore Defendant has no grounds to deny Plaintiff's request. As previously discussed, a debt collector's tax returns are not privileged in a FDCPA proceeding

---

[22] *Trevino v. ABC Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006) (J. Lloyd) ("The FDCPA explicitly states that damages in a class action case may be calculated based on defendants' net worth. *See 15 U.S.C. § 1692k(a)*. Therefore, such information is relevant, and potentially useful in determining whether this case is appropriate for class certification.")

with potential class implications, and all claims of privilege must be accompanied by a privilege log.

17.    Document Request number 33 seeks any and all corporate formation documents related to any entity of which ICC is affiliated. Defendant's response was "Not applicable, Irrelevant, Plaintiff has failed to meet the burden for punitive damages to date. Articles of Incorporation are available from the Secretary of State."
As discussed above, it is not for Defendant to determine what is not "applicable." Further, a party may not object that information is more readily available to the requesting party.[23] Moreover, objecting on the basis that a request is irrelevant, without any other response, is improper. As to Defendant's assertion that Plaintiff has not met the "burden" for punitive damages to date, Plaintiff has no such burden to meet during the discovery process. The requested information is relevant and non-privileged, and Defendant is in the best position to provide this information, therefore Defendant has no grounds to deny Plaintiff's request.


This office remains committed to resolving these discovery disputes in good faith without resorting to motion practice before the Court. However, supplemental responses and copies of the requested documents must be received by this office on or before July 25, 2008, or we will have no choice but to file an appropriate motion with the Court.

I look forward to your prompt response.


Very Truly Yours,

Raeon R. Roulston

---

[23]    *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004).