1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   HERMINIA LORENZO CRUZ

6

7

8           **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                     **SAN JOSE DIVISION**

10  HERMINIA LORENZO CRUZ,                    Case No.  C08-00991-JF-RS

11                        Plaintiff,          **REPLY MEMORANDUM IN**
                                              **SUPPORT OF MOTION TO COMPEL**
12  v.                                        **WRITTEN DISCOVERY RESPONSES**
                                              **AND PRODUCTION OF**
13  INTERNATIONAL COLLECTION                  **DOCUMENTS**
    CORPORATION, a California corporation,
14  and CHARLES D. HENDRICKSON,               [Fed. R. Civ. P. 37(a)]
    individually and in his official capacity,
15                                            Date:       September 17, 2008
                          Defendants.         Time:       9:00 a.m.
16                                            Judge:      Honorable Richard Seeborg
                                              Courtroom:  4, 5th Floor
17                                            Place:      280 South First Street
                                                          San Jose, California
18

19                     **POINTS AND AUTHORITIES**

20         Defendants have utterly failed to comply with the Federal Rules of Civil Procedure in this

21  case. Defendants did not appropriately respond to Plaintiff's discovery requests in the first instance,

22  then Defendants did not meet and confer despite Plaintiff's good faith attempts to do so.  Now

23  Defendants have utterly failed to respond in any substantive way to Plaintiff's Motion to Compel

24  — completely ignoring the merits of the motion.  Defendants have repeatedly demonstrated that

25  responding to Plaintiff's discovery is not a priority, and Defendants have wasted the resources of

26  this Court and Plaintiff's counsel by failing to meet their burden under the Federal Rules of Civil

27  Procedure.

28         The Opposition which Defendants filed in this case does not address in any substantive way

                                          -1-
NOTICE OF MOTION AND MOTION TO COMPEL                          Case No.  C08-00991-JF-RS

1   Plaintiff's discovery requests or the issues raised in her Motion to Compel.  Instead, Defendants cite

2   inapplicable state law and complain that Plaintiff did not meet and confer enough before filing her

3   Motion to Compel.  This simply isn't true.  Plaintiff attempted to meet and confer in good faith with

4   Defendants by first sending a letter, a recognized and acceptable medium for a meeting and

5   conferring regarding discovery disputes.  Plaintiff's meet and confer letter provided authority for

6   Plaintiff's position that ICC's discovery objections were without merit and which explained the

7   basis for Plaintiff's discovery requests.[1]  Plaintiff indicated in the letter that failure to respond would

8   necessitate filing a motion to compel.[2]  Thereafter, Defendants expressed an interest in a telephonic

9   conference on July 25, 2008, then rescheduling it, then never placed the telephone call to Plaintiff's

10  counsel at the appointed time on July 28, 2008.  Plaintiff has attempted to meet and confer and

11  continues to so to this day.  On two occasions between July 29, 2008, and the filing of this motion

12  in the evening of August 13, 2008, Plaintiff's counsel attempted to contact Defendants counsel by

13  telephone.  On one occasion the call was not answered and on the other occasion a message was left

14  with Mr. Rothman's staff.  No return call was received.  If Defendants really wanted so badly to

15  discuss these issues by telephone, why can't their counsel pick-up the telephone and place the call?

16  Simply put, Defendants have ignored and continue to ignore Plaintiff's attempts to meet and confer,

17  just as Defendants failed to substantively respond to the issues raised in Plaintiff's Motion to

18  Compel.  Therefore, Plaintiff was left with no alternative but to file this Motion to Compel, and seek

19  the assistance of this Court in obtaining the requested information and documents.

20          In this and a companion case,[3] Defendants have repeatedly evaded and gamed the meet and

21  confer process.  The meet and confer process is not designed to allow an obstructionist party to

22  continue their obstructionist conduct, nor does it excuse them for failing to follow the Federal Rules

23

24      [1]  Declaration of Raeon Roulston in Support of Motion to Compel Written Discovery
    Responses and Production of Documents (Doc. 23) ¶ 3.
25

26      [2]  Declaration of Raeon Roulston in Support of Motion to Compel Written Discovery
    Responses and Production of Documents (Doc. 23) Exhibit "5."
27

28      [3]  *Bretana v. International Collection Corporation, et al.*, Northern District Case No. C07-
    05934-JF-HRL.

NOTICE OF MOTION AND MOTION TO COMPEL                           Case No.  C08-00991-JF-RS

1    of Civil Procedure in the first place.  If Defendants were dealing with these issues in good faith, they

2    would stop these shenanigans and respond to Plaintiff's discovery requests as required by the rules.

3         By refusing to provide Plaintiff with the information and documents requested in discovery,

4    Defendants have hindered Plaintiff's ability to prosecute this case.  There is a scheduled Mediation

5    in this case, and lack of discovery responses and documents from Defendants make it impossible

6    to properly evaluate this case and make the most of the Court sponsored Mediation processes.

7    Moreover, it is impractical to determine the scope of questioning, the estimated length and

8    scheduling of depositions without the documents requested or a clear statement that the requested

9    documents do not exist.

10        Defendants have hindered Plaintiff's prosecution of this case, and have wasted the resources

11   of this Court, by failing to substantively respond to Plaintiff's discovery.  Therefore, Plaintiff

12   respectfully requests that this Court compel Defendants to respond to Plaintiff's discovery fully and

13   completely, and to produce the documents requested.

14

15                                         CONSUMER LAW CENTER, INC.

16

17   Dated: September 3, 2008                By: /s/ Fred W. Schwinn
                                                 Fred W. Schwinn, Esq.
18                                               Attorney for Plaintiff
                                                 HERMINIA LORENZO CRUZ
19

20

21

22

23

24

25

26

27

28

-3-