**E-Filed 6/17/10**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HERMINIA LORENZO CRUZ,<br><br>             Plaintiff,<br><br>    v.<br><br>INTERNATIONAL COLLECTION CORPORATION, a California corporation, CHARLES D. HENDRICKSON, individually and in his official capacity,<br><br>             Defendants. | Case Number C 08-00991 JF (RS)<br><br>ORDER[1] GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>[re doc. no. 80] |

       Plaintiff Herminia Lorenzo Cruz ("Plaintiff") moves for an award of attorneys' fees and costs pursuant to this Court's amended judgment in her favor.  Defendants, International Collection Corporation ("ICC") and  Charles D. Hendrickson ("Hendrickson") (collectively, "Defendants") oppose the motion.  The Court has considered the moving and responding papers and the oral argument of counsel presented at the hearing on May 21, 2010. For the reasons discussed below, the motion will be granted in part.

---

      [1] This disposition is not designated for publication in the official reports.

1

## I. BACKGROUND

2  On or about April 15 and 16, 2006, Plaintiff incurred financial obligations by writing two

3  checks to Harrah's Casino in Reno, Nevada.  The checks subsequently were returned for

4  insufficient funds.  Sometime thereafter, the debt was sent to Defendants for collection.

5  Defendants mailed a series of letters to Plaintiff, seeking to recover the debt, interest, and treble

6  damages.  Defendants threatened to inform credit reporting agencies of Plaintiff's failure to pay

7  the debt and to file a lawsuit if the amounts demanded were not paid.

8  On February 19, 2008, Plaintiff filed the instant action, claiming that Defendants violated

9  the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*  On June 2, 2008,

10  this Court denied Defendants' motion to dismiss, and Defendants filed their answer on June 9,

11  2008.  On October 1, 2008, then-Magistrate Judge Seeborg granted Plaintiff's motion to compel

12  written discovery.  On July 31, 2009, the parties filed cross-motions for summary judgment.  On

13  September 30, 2009, the Court granted Plaintiff's motion for summary judgment, denied

14  Defendants' motion, and entered judgment in Plaintiff's favor.  Defendants have appealed that

15  decision.  On December 18, 2009, the Court granted in part Plaintiff's motion to alter or amend

16  the judgment, awarding $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(3) and

17  reasonable attorneys' fees and costs according to proof.  On March 24, 2010, the Court denied

18  Defendants' motion for reconsideration.  Plaintiff, by and through her attorney Fred Schwinn

19  ("Schwinn"), now moves for attorneys' fees and costs, seeking to recover $36,229.81.[2]

20

## II. LEGAL STANDARD

21  The FDCPA provides that a plaintiff may recover "the costs of the action, together with a

22  reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *see Johnson v.*

23  *Credit Int'l*, No. 05-16696, 2007 WL 3332813 (9th Cir. Oct. 17, 2007) (awarding attorneys' fees

24  under the FDCPA).  "The starting point for determining a reasonable fee is the 'lodestar' figure,

25  which is the number of hours reasonably expended multiplied by a reasonable hourly rate."

26

27

28  [2]  This figure includes Schwinn's time spent replying the Defendants' opposition to the instant motion.

Case No. C 08-991 JF (RS)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX1)

1   *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9ᵗʰ Cir. 1992).   "Although in most cases, the lodestar

2   figure is presumptively a reasonable fee award, the district court may, if circumstances warrant,

3   adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v.*

4   *Conrad Credit Corp.*, 244 F.3d 1145, 1149 fn 4 (9th Cir. 2001).   The court must articulate "the

5   reasons for its findings regarding the propriety of the hours claimed or for any adjustment it

6   makes either to the prevailing party's claimed hours or to the lodestar." *Id*. at 1148 (quoting

7   *Gates*, 987 F.2d at 1398).   In some circumstances, it is appropriate for the court to make "across-

8   the-board percentage cuts either in the number of hours claimed or in the final lodestar figure."

9   *Id.* at 1149-51.   However, such cuts are controversial, *Gates,* 987 F.2d at 1399, and do not

10  discharge the court from "its responsibility to set forth a 'concise but clear' explanation of its

11  reasons for choosing a given percentage reduction nor from its duty to independently review the

12  applicant's fee request," *Ferland,* 244 F.3d at 1149 (citation omitted).

### III.  DISCUSSION

14          Plaintiff seeks $32,692.50 in attorneys' fees and $2,854.81 in costs, plus an additional

15  $682.50 in attorney's fees in responding to Defendants' opposition to the instant motion.[3]

16  Schwinn claims that he spent 68.1 hours on behalf of Plaintiff and that his associates Raeon R.

17  Roulston ("Roulston") and Jovanna R. Longo ("Longo") – both of whom are Class of 2007 law

18  school graduates – spent 15.4 and 37.4 hours, respectively.   He asserts that the prevailing market

19  rate for the time and quality for his services is $325 per hour and for his associates' services is

20  $200 per hour.   In total, Plaintiff requests the following attorneys' fees based on the lodestar

21  formula:

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Schwinn | Attorney | 68.1 | $325.00 | $22,132.50 |
| Roulston | Attorney | 15.4 | $200.00 | $3,080.00 |
| Longo | Attorney | 37.4 | $200.00 | $7,748.00 |

27          [3]  Schwinn claims to have spent an additional 2.1 hours, at $325 per hour, responding to
Defendant's opposition to the instant motion.  (Supplemental Schwinn Decl. in Support of Mot. ¶
2.)

3

1    Schwinn also contends that his firm, the Consumer Law Center, Inc. ("CLC"), incurred costs and

2    expenses of $2,854.81.  Schwinn has submitted detailed time records of the fees and expenses,

3    breaking down the discrete tasks and the time associated with each task.  (*See* Schwinn Decl. in

4    Support of Mot., Ex. A.)  Defendants oppose the motion, arguing that Plaintiff incurred no actual

5    fees or, in the alternative, that the amount of fees is unreasonable.

6    **A.     Plaintiff's actual fees**

7            Defendants argue that Plaintiff cannot recover attorneys' fees and costs in excess of the

8    amount actually incurred.[4]  Defendants contend that there is no evidence that Plaintiff incurred

9    any legal fees.  While the litigation on the merits was pending, Defendants made written and oral

10   requests for Plaintiff to produce her retainer agreement, but she refused.  However, Plaintiff

11   disclosed at her deposition that her counsel was acting on a contingency basis.  (*See* Def.'s Opp'n

12   at 4:2-6 (Q: . . . And what were the terms of the agreement? . . . [Y]ou receive money, and then

13   he gets part of that money?  A: Yes.").[5])  Defendants do not claim to have requested a more

14   detailed accounting of Plaintiff's attorneys' fees or hours while the litigation on the merits was

15   pending.  Moreover, it is not entirely clear whether that information would have been relevant at

16   the time.  *See Abels v. JBC Legal Group, P.C.*, NO. C04 02345 JW (RS), 233 F.R.D. 645, 647

17   (N.D. Cal. 2006) (denying a party's motion to compel the production of attorneys' fee records

18   and a retainer agreement because the case had not progressed to the point at which attorneys' fees

19

20           [4]  15 U.S.C. § 1692k(a)(3) provides that a successful plaintiff may recover "the costs of
21   the action, together with a reasonable attorney's fee as determined by the court".  The statute
22   discusses only reasonable attorney's fees rather than incurred attorney's fees.

23           [5]  "[W]hen the statute permits an award of 'reasonable' attorneys' fees, it makes no
24   difference whether a plaintiff has a contingency fee agreement with his or her attorney, and
     courts have devised various formulas for determining what is a 'reasonable fee.'" *Gotro v. R & B
25   Realty Group*, 69 F.3d 1485, 1489-1490 (9th Cir. 1995) (O'Scannlain, J., dissenting) (noting a
     distinction between 28 U.S.C. § 1447(c), providing for "just costs and any actual expenses,
26   including attorney fees, incurred as a result of the removal", and 15 U.S.C. § 1692k(a)(3), which
     provides for "the costs of the action, together with a reasonable attorney's fee as determined by
27   the court") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)).

28

                                                    4

1   were in issue).  Though Defendants argue that Plaintiff's failure to produce evidence of her legal

2   fees interfered unfairly with their attempts to settle the case, Defendants' requests for the retainer

3   agreement did not occur in the context of a settlement conference or similar negotiation.  In

4   connection with the instant motion, Plaintiff's counsel has produced detailed records of their fees

5   and costs.

6   **C.    Recovery was more than nominal**

7        Defendants contend that  no attorneys' fees should be awarded because Plaintiff's recover

8   was nominal.  Defendants rely upon *Farrar v. Hobby*, 506 U.S. 103 (1992) (concluding that

9   "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential

10  element of his claim for monetary relief, [Citation], the only reasonable fee is usually no fee at

11  all.").  However, Plaintiff's recovery was more than nominal, as she recovered $1,000 in

12  statutory damages.

13  **D.    Reasonableness of counsel's hourly rate**

14       "[T]he established standard when determining a reasonable hourly rate is the rate

15  prevailing in the community for similar work performed by attorneys of comparable skill,

16  experience and reputation."  *Camacho v. Bridgeport Financial, Inc.*, 523 .3d 973, 971 (9th Cir.

17  2008).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the

18  community and rate determinations in other cases . . . are satisfactory evidence of the prevailing

19  market rate."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir.

20  1990).  Plaintiff's counsel has provided the Court with his own declaration as well as the

21  declaration of Ronald Wilcox, an attorney practicing in the San Francisco Bay Area, stating that

22  the prevailing rate in this district ranges from $280 to $465 per hour, "depending on the skill,

23  experience, and reputation of the attorney".  (Wilcox Decl. ¶ 9.)

24        Schwinn has been awarded $325 per hour on at least one prior occasion, *Owens v.*

25  *Brachfeld*, C07-04400-JF-PVT (N.D. Cal. Dec. 5, 2008), and commonly has been awarded $300

26  per hour, *see, e.g.*, *Chan v. North American Collectors, Inc.*, C06-0016-JL (N.D. Cal January 26,

27  2007), *Wallat v. Roush*, C05-3518-JF-HRL (September 21, 2006), and *Maundu v. The Barnes*

28  *Law Firm*, C05-1939-JF-PVT (N.D. Cal. May 23, 2006).  Roulston has been awarded $200 per

5

1   hour.  *See AFS v. Gonzales*, No. 1-08-CV-104393 (Cal. Sup. Ct. Nov. 25, 2008) and *LVNV*

2   *Funding, LLC v. Taylor*, No. 1-08-CV-119003 (Cal. Sup. Ct. Sept. 8, 2009).  The Court

3   concludes that these are fair and reasonable rates for calculating the fees for Plaintiff's counsel.

4   **E.      Reasonableness of Hours Expended by Plaintiff's Counsel**

5           "Counsel for the prevailing party should exclude from a fee request hours that are

6   excessive, redundant, or otherwise unnecessary, just as a lawyer in a private practice is ethically

7   obligated to exclude hours from his fee submission."  *Hensley v. Eckerhart,* 461 U.S. 424, 433-

8   434 (1983) (citations omitted).  The party seeking the fee bears the burden of documenting the

9   appropriate hours expended in the litigation and must submit evidence in support of those hours

10  worked.  *Gates*, 987 F.2d at 1398-99. Including the time associated with the instant motion,

11  Plaintiff's counsel claim to have expended 123 hours litigating this action, resulting in

12  $33,375.00 in attorneys' fees.  The Court concludes that this amount is excessive.

13          Schwinn billed 6.6 hours in discrete six-minute increments, including a six-minute charge

14  for reviewing a notice by Defendants' counsel of an appearance by telephone, often with multiple

15  entries of .10 hours in a single day.  Consolidating some tasks would have been more reasonable.

16  Schwinn personally spent five hours drafting the complaint.  His firm expended eleven hours

17  drafting opposition to Defendants' motion to dismiss, 6.5 hours drafting a motion to compel

18  discovery, 12.1 hours drafting a mediation statement, and 12.8 hours drafting the motion for

19  summary judgment.  The memorandum in connection with Plaintiff's motion for summary

20  judgment contains several sections that are substantially identical to those in the memorandum

21  filed in connection with a similar motions in *Bretana v. International Collection Corp., et al.*,

22  5:07-cv-5934-JF (HRL) (docket no. 75),[6] *Maundu v. The Barnes Law Firm, et al*, Case No.

23  

24          [6] The following sections of Plaintiff's motion for summary judgment ("MSJ") in *Bretana*
    contain language nearly identical to that in the instant case: "Standard of Review" (MSJ at 6-7),

25  "The 'Least Sophisticated Consumer' Standard Is Used to Analyze Violations of the FDCPA"
    (MSJ at 8-9), "Under the Strict Liability Standard of the FDCPA, Plaintiff has Pled Numerous

26  Violations of the Act, as Seen from the Perspective of 'Least Sophisticated Consumer'" (MSJ at

27  9-10), "Defendant, Charles D. Hendrickson, Is a Debt Collector as Defined by 12 U.S.C. §
    1692e(6) and Cal. Civil Code §1788.2(c) (MSJ at 10-13) (in the instant case, Schwinn discusses

28  only 12 U.S.C. § 1692e(6), but the analysis is nearly identical), "Actions Which Cannot Legally

6

1   5:05-cv-01939-JF (PVT) (docket no. 22),[7] and *Owens v. Brachfeld et al.*, Case No.

2   5:07-cv-04400-JF (PVT) (docket no. 17).[8]  In noting these similarities, the Court in no way

3   means to criticize Plaintiff's counsel for choosing not to reinvent the wheel every time a fair debt

4   collection action is brought.  Nonetheless, the similarities do suggest that the number of hours

5   claimed is at least somewhat excessive in light of the CLC's experience with similar cases.

6   Accordingly, the Court will award fees for two-thirds of the hours claimed by each of Plaintiff's

7   attorneys, plus the fees reasonably incurred by Schwinn in connection with the instant motion.

8   Applying the loadstar formula, the Plaintiff is entitled to $22,656.17 in attorneys' fees.  Plaintiff

9   also is entitled to $2,854.81 in costs.

10                                        **IV. ORDER**

11          Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for attorneys'

12   fees and costs is GRANTED IN PART as set forth above.

13   //

14   //

---

16   Be Taken – 15 U.S.C. § 1692e(5) (MSJ at 15-16), "False Representations – 15 U.S.C. §§ 1692e
     and 1692e(10)" (MSJ at16), "Unauthorized Charges and Fees – 15 U.S.C. § 1692f(1)" (MSJ at
17   16-17), "Defendants Attempted or Threatened to Collect Interest in Addition to a Check Fee
     from Plaintiff, in Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1)"
18   (MSJ at 17-19), "Defendants Attempted or Threatened to Collect a Debt Based on a Negotiable
     Instrument Without Possession of the Instrument, in Violation of 15 U.S.C. §§ 1692e,
19   1692e(2)(A), 1692(5), 1692e(10), 1692f(1)" (MSJ at 19-21), "Defendants Attempted to Collect
     or Threatened to Collect a Gambling Debt in the State of California, in Violation of 15 U.S.C. §§
20   1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(1)" (MSJ 21-23), and "Plaintiff Has a
21   Statutory Right to Attorney's Fees and Costs" (MSJ at 29).

22          [7]  The following sections of Plaintiff's motion for summary judgment ("MSJ") in *Maundu*
23   contain language nearly identical to that in the instant case: "Standard of Review" (MSJ at 6-7),
     "Least Sophisticated Consumer" Standard (MSJ at 9-10), "This Court Should Award Plaintiff the
24   Maximum Statutory Damage Amount of $1,000 Under FDCPA" (MSJ at 14) and "Statutory
25   Right to Attorney's Fees and Costs" (MSJ at 14-15).

26          [8]  The following sections of Plaintiff's motion for summary judgment ("MSJ") in *Owens*
27   contain language nearly identical to that in the instant case: "Standard of Review" (MSJ at 3-4),
     "Least Sophisticated Consumer" Standard (MSJ at 4-6), "This Court Should Award Plaintiff the
     Maximum Statutory Damage Amount of $1,000 Under FDCPA" (MSJ at 12-13), "Statutory
28   Right to Attorney's Fees and Costs" (MSJ at 15).

Case No. C 08-991 JF (RS)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX1)

1   DATED: 6/8/2010

2                                           _____
                                            JEREMY FOGEL
3                                           United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 08-991 JF (RS)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX1)