**E-Filed 1/26/2011**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| HERMINIA LORENZO CRUZ,<br><br>                           Plaintiff,<br><br>             v.<br><br>INTERNATIONAL COLLECTION CORPORATION, et al.,<br><br>                           Defendants. | Case Number C 08-00991 JF<br><br>ORDER RE PLAINTIFF'S REQUEST FOR SUBSTITUTION OF SUCCESSOR AND AMENDMENT OF JUDGMENT *NUNC PRO TUNC* FILED ON DECEMBER 12, 2010<br><br>[re: docket nos. 89, 91] |

   On September 30, 2009, the Court granted summary judgment in favor of Plaintiff Herminia Cruz on a claim alleging violation of the Fair Debt Collection Practices Act ("FDCPA").  It later came to the Court's attention that Ms. Cruz had passed away while convalescing in the Philippines on July 2, 2009.  Subsequently, on November 22, 2010, Defendants filed a motion to vacate the judgment and dismiss the instant action, arguing that under Fed. R. Civ. P. 25, the time with which to substitute a proper plaintiff in the action had lapsed.

   The Court concludes that the ninety-day time limit to substitute a plaintiff under  Rule 25(a) had not expired.  Defendants point out that a reference to Ms. Cruz's possible death in an

Case No. C 08-00991-JF
ORDER RE PLAINTIFF'S REQUEST TO SUBSTITUTE SUCCESSOR AND AMEND JUDGMENT
(JFEX2)

unrelated motion was sufficient to trigger the ninety-day time limit.  However, Defendants cite no authority to support this proposition.  In fact, the weight of the authority as well as the plain language of the rule supports the opposite conclusion.  Rule 25(a) "requires two affirmative steps to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F. 3d. 231, 233 (9th Cir. 1994).  First, a "suggesting party must formally suggest the death of a party on the record." *Id.*  Second, the "suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id*.  Defendants failed to fulfill either requirement.  The ninety-day time limit thus was never triggered, and substitution at this time of decedent's son, Leonides Cruz, is not prohibited by Rule 25(a).

The Court presently lacks jurisdiction to amend the judgment *nunc pro tunc*, as the judgment is presently on appeal.  However, Fed. R. App. P. 12.1(a) does permit the court to issue an indicative ruling.  Upon receipt and review of the indicative ruling, the court of appeals may remand for further proceedings while retaining jurisdiction, or it may expressly dismiss the appeal.  Fed. R. App. P 12.1(b).  "If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand." *Id*.

Accordingly, the Court directs Plaintiff's counsel to transmit the instant order to the Ninth Circuit Court of Appeals so that the appellate court may determine whether to remand the action for the purpose of permitting the proposed substitution of Leonides Cruz and amending the judgment *nunc pro tunc*.

IT IS SO ORDERED.

DATED: 1/18/11

_____
JEREMY FOGEL
United States District Judge

Case No. C 08-00991-JF
ORDER RE PLAINTIFF'S REQUEST TO SUBSTITUTE SUCCESSOR AND AMEND JUDGMENT
(JFEX2)                                        2