1

2

3          **E-Filed 02-04-2011 **

4

5

6

7                          NOT FOR CITATION

8              **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11

12   HERMINIA LORENZO CRUZ,              Case Number C 08-00991 JF

13                    Plaintiff,          ORDER GRANTING PLAINTIFF'S
                                          REQUEST FOR SUBSTITUTION OF
14       v.                               SUCCESSOR AND AMENDMENT
                                          OF JUDGMENT ENTERED
15   INTERNATIONAL COLLECTION             DECEMBER 18, 2009 *NUNC PRO
     CORPORATION, et al.,                 TUNC*
16
                     Defendants.          [re: docket nos. 89, 91, 100]
17

18

19

20          On September 30, 2009, the Court granted summary judgment in favor of Plaintiff

21   Herminia Cruz on her claim alleging violation of the Fair Debt Collection Practices Act

22   ("FDCPA").  It later came to the Court's attention that Ms. Cruz had passed away while

23   convalescing in the Philippines on July 2, 2009.  On November 22, 2010, Defendants filed a

24   motion to vacate the judgment and dismiss the instant action, arguing that under Fed. R. Civ. P.

25   25, the time with which to substitute a proper plaintiff in the action had lapsed.  Plaintiff's son

26   Leonides Cruz then moved to substitute as Plaintiff's successor and requested that the Court

27   amend the judgment *nunc pro tunc*.

28
     Case No. C 08-00991-JF
     ORDER GRANTING PLAINTIFF'S REQUEST TO SUBSTITUTE SUCCESSOR AND AMEND JUDGMENT *NUNC
     PRO TUNC*
     (JFEX2)

1    The Court heard oral arguments on both motions on January 14, 2011. At that time,

2  however, the underlying judgment was on appeal, and the Court lacked jurisdiction to proceed.

3  On January 26, 2011, the Court issued an indicative order pursuant to Fed. R. App. 12.1.(a). On

4  January 31, 2011, the Court of Appeals remanded the action to permit this Court to substitute

5  Leonides Cruz as Plaintiff and to amend the judgment *nunc pro tunc*.

6    The Court concludes that the ninety-day time limit with which to substitute a plaintiff

7  under Rule 25(a) had not expired as of the date of the instant motion.  Rule 25(a) "requires two

8  affirmative steps to trigger the running of the 90 day period." *Barlow v. Ground*, 39 F. 3d. 231,

9  233 (9th Cir. 1994).  First, a "suggesting party must formally suggest the death of a party on the

10  record." *Id*.  Second, the "suggesting party must serve other parties and nonparty successors or

11  representatives of the deceased with a suggestion of death in the same manner as required for

12  service of the motion to substitute." *Id*.  Defendants failed to fulfill either requirement.  The

13  ninety-day time limit thus was never triggered, and substitution of decedent's son, Leonides

14  Cruz, is not prohibited by Rule 25(a).

15    The Court hereby orders the substitution of Plaintiff Leonides Cruz, successor to

16  Herminia Cruz, and amends the judgment entered herein on December 18, 2009 *nunc pro tunc*.

17

18    IT IS SO ORDERED.

19

20

21  DATED: 02/03/11

22

23   JEREMY FOGEL
    United States District Judge

24

25

26

27

28